No. 78–6073. BILES *v.* WATKINS, CORRECTIONS COMMISSIONER. Sup. Ct. Miss. Certiorari denied.

MR. JUSTICE WHITE, with whom MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was convicted of capital felony murder under § 97–3–19 (2)(e) of the Mississippi Code of 1972: "The killing of a human being . . . [w]hen done with or without any design to effect death, by any person engaged in the commission of the crime of . . . kidnapping . . . ." The Mississippi Supreme Court reversed the felony-murder conviction, finding insufficient proof of the crime of kidnaping. *Biles* v. *State,* 338 So. 2d 1004 (1976), cert. denied, 431 U. S. 940 (1977). Nonetheless, on the ground that the evidence was sufficient to sustain a conviction for the "lesser included offense" of "simple" murder, the court affirmed as to guilt and remanded for resentencing. 338 So. 2d, at 1005. Simple murder is defined in relevant part under § 97–3–19 (1)(a) as "[t]he killing of a human being . . . [w]hen done with deliberate design to effect the death of the person killed . . . ." Petitioner subsequently filed a pleading in the Mississippi Supreme Court that was treated as a petition for writ of error *coram nobis* and was denied without written opinion. Petitioner here seeks a writ of certiorari to review that judgment.

Whatever the phrase "lesser included offense" may connote under Mississippi law, it is apparent from the relevant Mississippi statutes that capital murder may be committed "without any design to effect death," while simple murder requires "a deliberate design to effect . . . death." Although overturning petitioner's conviction for capital murder, the Mississippi Supreme Court, finding evidence of the necessary intent to kill, found petitioner guilty of simple murder and to this extent affirmed the conviction. Petitioner, however, was not tried by the jury for simple murder, and the judgment of the Mississippi court would appear infirm under *Cole* v. *Arkansas,*

333 U. S. 196, 201 (1948), where the Court held that "[i]t is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made."[1] Further, the right to a jury trial is rendered nugatory where an appellate court overturns the verdict on the only offense found by the jury to have been committed and imposes a conviction for an offense that includes an essential element not necessarily found by the jury. On the basis of the statutory definitions of the crimes involved, it appears that exactly that might have happened here.

It is true as the State contends that regardless of what the statutes say, the trial court, though it refused to give a direct simple-murder instruction, incorporated that instruction in one of its capital felony-murder instructions.[2] Another capital

---

[1] In *Presnell* v. *Georgia,* 439 U. S. 14 (1978), we recently dealt with a somewhat similar situation. The State Supreme Court in that case had upheld the jury's imposition of the death penalty on the ground that the killing in question occurred while Presnell was engaged in the commission of the offense of kidnaping with bodily injury. This conclusion was based on the court's belief that there was sufficient evidence of forcible rape, which established the element of bodily harm. Because the jury had not based its penalty determination on this theory and had not made the key finding of forcible rape, we found that "fundamental principles of procedural fairness" had been violated, even though the indictment charged forcible rape and the jury was instructed on it. *Id.,* at 16. That case is quite similar to this in that the jury returned a verdict of guilty of "rape," but that verdict was an unreliable indication of a finding of forcible rape because the jury had also been instructed on statutory rape. *Id.,* at 15 n. 1.

[2] Instruction 2–S stated:

"The Court instructs the jury that murder is the killing of a human being, without authority of law, by any means, or in any manner, when done with a deliberate design to effect the death of the person killed, and that if you believe from the evidence in this case beyond a reasonable doubt that the defendant did on or about the 18th day of February, 1975 unlawfully, wilfully, feloniously and of his malice aforethought, then and

felony-murder instruction,[3] however, permitted guilt to be found if petitioner acted "either with or without deliberate design or intent [to] shoot, kill and murder . . . ." The State argues that even under the latter instruction, when considered as a whole, the jury would have realized that all the elements of simple murder had to be found. But it appears just as likely that when the jury convicted of capital murder, it heeded the direction that it could do so even if petitioner acted "without deliberate design or intent," and there is no way to know which course the jury followed. One course, however, would mean that the State Supreme Court's action was constitutionally forbidden, and in these circumstances the conviction cannot stand. See *Eaton* v. *Tulsa*, 415 U. S. 697, 699 n. (1974); *Williams* v. *North Carolina*, 317 U. S. 287, 291–

there, kill and murder one Henry Muller a human being, while he, the said Billy Glen Biles, was, then and there, engaged in the commission of kidnapping the said Henry Muller, by forcing the said Henry Muller to drive him the said Billy Glen Biles, at gun point, and do his bidding, then in that event, the defendant, Billy Glen Biles, is Guilty of Capital Murder, and it shall be your sworn duty to find the defendant guilty of Capital Murder."

[3] Instruction 5–S stated:

"The court instructs the jury that Capital Murder is the killing of a human being without authority of law, by any means or in any manner when done with, or without a deliberate design or intent to effect the death of the person killed, when said killing is done while engaged in the perpetration or commission of the crime of kidnapping. Therefore, the court further, instructs the jury that if you believe from the evidence in this case, beyond a reasonable doubt that the defendant, Billy Glen Biles, on the 18th day of February 1975, in Jackson County, Mississippi did unlawfully, wilfully and feloniously, with a design to kidnap Henry Muller, force the said Henry Muller to drive him and do his bidding, and while so engaged in kidnapping the said Henry Muller, the said Billy Glen Biles, did wilfully, unlawfully, feloniously and of his malice aforethought, either with or without deliberate design or intent, shoot, kill and murder the said Henry Muller, a human being, then in that event, it shall be your sworn duty to find the defendant guilty of capital murder."

292 (1942); *Stromberg* v. *California,* 283 U. S. 359, 367–368 (1931).

Accordingly, I dissent from denial of the petition for certiorari.