# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 92-KA-00252-SCT

*ROBERT ALLEN YATES*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/12/92 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PAUL G. SWARTZFAGER, JR. |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE MCCRORY |
| DISTRICT ATTORNEY: | JEANENE T. PACIFIC |
| NATURE OF THE CASE: | CRIMINAL - CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED IN PART, AND REMANDED FOR RESENTENCING - 12/12/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 1/2/97 |

**EN BANC.**

**MILLS, JUSTICE, FOR THE COURT:**

¶1. Robert Allen Yates (Yates) appeals to this Court his March 12, 1992 conviction in the Jones County Circuit Court for felonious child abuse (Miss. Code Ann. § 97-5-39). The lower court sentenced Yates to serve ten (10) years in the custody of the Mississippi Department of Corrections with the last three years suspended. Yates filed post-trial motions which were denied by the lower court. Yates, aggrieved by the jury's verdict and by the lower court's refusal to grant his post-trial motions, on appeal assigns as error the following:

> **1. THE LOWER COURT ERRED IN REFUSING TO GRANT DEFENDANT'S INSTRUCTION STATING TO THE JURY THAT THEY COULD CONVICT THE DEFENDANT OF THE LESSER-INCLUDED OFFENSE OF MISDEMEANOR CHILD**

**ABUSE.**

**2. THE LOWER COURT ERRED IN NOT GRANTING A DIRECTED VERDICT FOR THE DEFENDANT WHEN THE STATE FAILED TO PROVE THAT THE DEFENDANT ACTED WITH INTENT AND CAUSED SERIOUS BODILY HARM AS IS REQUIRED FOR A CONVICTION OF FELONIOUS CHILD ABUSE AS IS REQUIRED BY SECTION 97-5-39(2) OF THE MISSISSIPPI CODE OF 1972 AS ANNOTATED AND AMENDED.**

**3. THE LOWER COURT ERRED IN NOT GRANTING THE DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT.**

**4. THE LOWER COURT ERRED IN NOT GRANTING THE DEFENDANT'S MOTION FOR A NEW TRIAL.**

**5. THE LOWER COURT ERRED IN IMPOSING UPON THE DEFENDANT AN EXCESSIVE SENTENCE: TEN YEARS IN THE STATE PENITENTIARY AND THREE YEARS TO BE SUSPENDED, AND THAT THE DEFENDANT BE REQUIRED TO SERVE SEVEN YEARS IN THE STATE PENITENTIARY.**

<u>FACTS</u>

¶2. On March 28, 1991, Melissa Williamson (Williamson), confronted with having to go to work and unable to use her usual baby-sitter, left her then two year old son Joseph Williamson ( Jo-Jo) with Robert Yates, her live-in boyfriend. Williamson worked a five-hour shift on this particular day and was picked up after work by Yates.

¶3. Yates, along with Jo-Jo and his two children (Summer and Andrew) picked Williamson up at work and went to Charlene Newell's house (Williamson's mother). While at Newell's house, Jo-Jo decided he wanted to stay with his Newell and he was allowed to do so. Subsequently Williamson, along with Yates and his children, left Newell's house and went to a nearby Hardee's to get something to eat. After finishing her meal, Williamson telephoned Newell's house from Hardee's to determine when she needed to pick-up Jo-Jo. Newell told Williamson to return to Newell's house because she (Newell) had discovered bruises on Jo-Jo and needed to know about them.

¶4. Yates and Williamson returned to Newell's home and it was there that Yates was confronted by Williamson and Newell as to whether he had put the bruises on Jo-Jo's buttocks and the upper back half of his right leg. Yates admitted that he spanked Jo-Jo three times with a belt on his buttocks because Jo-Jo would not eat his lunch. He denied that he had caused the bruises on Jo-Jo's upper leg. Yates admitted that he was the only person who had custody of Jo-Jo that day.

¶5. On Friday, March 29, 1991, Williamson called her family doctor to determine if he could see Jo-Jo. The doctor informed her that he could not see Jo-Jo until the following Monday. Meanwhile, on Sunday, March 31, 1991, Jo-Jo's father Joseph received the child for his weekend visit. Williamson showed the bruises to Joseph and thereafter, Joseph took Jo-Jo to the South Regional Medical Center.

¶6. While at the Medical Center, Dr. David Madden examined Jo-Jo and notified Social Services of

the possibility that Jo-Jo may have been abused. Madden noted certain superficial bruises and contusions on Jo-Jo's buttocks and right thigh. Madden testified that the contusions on the buttocks were consistent with marks made by a belt and that the bruise on the back of the right upper leg could have been caused by a hand. Madden did not find any burns, broken bones or cuts on Jo-Jo and, other than "reassurance," Madden did not give Jo-Jo any medical treatment or assistance.

¶7. Social Services notified the Jones County Sheriff's Office of the possible child abuse and Officer Freddie Reeves investigated the incident. Reeves interviewed Yates about the March 28, 1991, incident and Reeves testified that Yates admitted to whipping Jo-Jo three times on the buttocks with a belt.

¶8. At trial, Yates testified that he spanked Jo-Jo with a belt and that before Williamson went to work, she spanked Jo-Jo with her hand. Yates admitted that he put the belt marks on Jo-Jo's buttocks, but denied bruising Jo-Jo's upper thigh. After Yates completed his testimony, the jury was instructed as to the applicable law and thereafter, the jury returned a guilty verdict for felony child abuse. Yates' post-trial motions were denied.

## LAW

¶9. Yates argues that the lower court erred in failing to grant his motion for a directed verdict. In considering a motion for directed verdict, the reviewing court must consider evidence introduced in light most favorable to State, accepting all evidence introduced by the State as true, together with all reasonable inferences therefrom; if there is sufficient evidence to support a guilty verdict, motion for directed verdict must be overruled. *Edwards v. State*, 615 So. 2d 590 (Miss. 1993). If the evidence presents an issue for determination by the jury, then the case must be submitted to the jury and will not be disturbed, if evidence and those inferences support the guilty verdict. *Jackson v. State*, 440 So. 2d 307 (Miss. 1983). In fact, evidence favorable to the defendant is disregarded during the consideration of whether to grant a motion for a directed verdict. *Bullock v . State*, 391 So. 2d 601 (Miss. 1980), *cert. denied*; *Noe v. State*, 616 So. 2d 298 (Miss. 1993). The standard of review in determining the correctness of a trial judge's ruling on a motion for directed verdict is essentially the same. *Roberson v. State*, 595 So. 2d 1310, 1320 (Miss. 1992).

¶10. In reviewing the question of whether a verdict is sufficiently supported by the evidence, the Supreme Court is required to look at the totality of the circumstances, and "[o]ur concern here is whether the evidence in the record is sufficient to sustain a finding adverse to [the defendant] on each element of the offense . . . . [W]ith respect to each element, of the offense, [we must] consider all of the evidence--not just the evidence which supports the case for the prosecution -- in light most favorable to the verdict." *Wetz v. State*, 503 So. 2d 803, 808 (Miss. 1987). In these types of sufficiency questions, the Supreme Court conducts an independent review of the entire record. *Holland v. State*, 587 So. 2d 848 (Miss. 1991).

¶11. It is entirely possible for the trial judge to not be in error when overruling the motion for directed verdict, yet on review, have this Court determine that in considering all of the evidence, it was not sufficient to support the verdict. When the Supreme Court reviews a trial court's denial of a motion for directed verdict, we will give the non-moving party, here the State, the benefit of all favorable inferences and then examine the evidence to be sure it supports the verdict beyond a reasonable doubt. *Pierre v. State,* 607 So. 2d 43 (Miss. 1992). The standard for determining the

propriety of a motion for directed verdict is limited to only the evidence favorable for the State; however, the standard for determining the sufficiency of the evidence to support the verdict requires a search of the entire record, which would necessarily include the evidence favorable to the defendant. Thus, we find that there is no inconsistency in holding that the trial judge in *Yates* was correct when denying the motion for a directed verdict; yet, this Court considering all of the evidence in the record, and finding that the evidence was not sufficient to convict Yates of felony child abuse, instead finds the facts do support a conviction of misdemeanor child abuse.

¶12. Yates argues that misdemeanor child abuse is a lesser included offense of felonious child abuse and that the evidence adduced at trial was such that the trial judge should have granted his request for the misdemeanor child abuse instruction. The trial judge's failure to grant the lesser-included offense instruction, Yates argues, is reversible error. This Court recently decided that misdemeanor child abuse is a lesser-included offense of felony child abuse. See **Payton v. State**, 642 So. 2d 1328 (Miss. 1994).

¶13. At trial, the State requested and the jury was given Jury Instruction S-2 which reads:

> The Court instructs the Jury that if you find from the evidence in this case, beyond a reasonable doubt, that the Defendant, Robert Allen Yates, on or about March 28, 1991, in the Second Judicial District of Jones County, Mississippi, did then and there wilfully, unlawfully, feloniously and intentionally whip, strike or otherwise abuse Joseph C. Williamson, a child of the age of two (2) years at the time in question, then you shall find the Defendant Guilty of Felonious Child Abuse.
>
> If the State has failed to prove one or more of the above described elements of the alleged crime then you shall find the Defendant, Robert Allen Yates, not guilty.

This Jury Instruction S-2 attempted to map the definition of felonious child abuse found in Miss. Code Ann. § 97-5-39(2). Jury Instruction S-2 was an incomplete statement of the law. The elements necessary to prove felonious child abuse are whether Yates did: (1) willfully (2) cause (3) serious bodily harm (4) to a child. **Payton**, 642 So. 2d at 1335 (Miss.). At trial the lower court refused the following Jury Instruction:

> The Court instructs the jury that if you find from the evidence in this case beyond a reasonable doubt that the defendant, Robert Allen Yates, on or about March 28, 1991, in the Second Judicial District of Jones County, Mississippi, did then and there wilfully commit an act which resulted in the abuse and/or battering of the child, Joseph Williamson, then you shall find the defendant guilty of misdemeanor child abuse.
>
> If the State has failed to prove any one or more of the above described elements of the alleged crime, then you shall find the defendant, Robert Allen Yates, not guilty.

¶14. The instruction attempted to track Miss. Code Ann. § 97-5-39(1), which provides:

> Any parent, guardian or other person who willfully commits any act or omits the performance of any duty, which act or omission contributes to or tends to contribute to the neglect or delinquency of any child or which act or omission results in the abuse and/or battering of any

child, as defined in Section 43-21-105(m) of the Youth Court Law or who knowingly aids any child in escaping or absenting himself from the guardianship or custody of any person, agency or institution, or knowingly harbors or conceals or aids in harboring or concealing any child who has absented himself without permission from the guardianship or custody of any person, agency or institution to which such child shall have been committed by the youth court shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine not to exceed One Thousand Dollars ($1,000.00), or by imprisonment not to exceed one (1) year in jail, or by both such fine and imprisonment.

(Emphasis added.)

¶15. Miss. Code Ann. § 43-21-105(m) defines "abused child" as:

"Abused child" means a child whose parent, guardian or custodian or any person responsible for his care or support, whether legally obligated to do so or not, has caused or allowed to be caused upon said child sexual abuse, sexual exploitation, emotional abuse, mental injury, nonaccidental physical injury or other maltreatment. . . . .

(Emphasis added).

¶16. Therefore, as to misdemeanor child abuse, the elements to consider include whether Yates did: (1) willfully (2) cause (3) nonaccidental physical injury (4) to a child. **Payton**, 642 So. 2d at 1335.

¶17. A defendant is only entitled to an instruction when there is evidence in the record which reflects the need for the instruction. **Mease v. State**, 539 So. 2d 1324, 1329-30 (Miss. 1989). In **Mease**, this Court stated: "the evidence in a particular case generally warrants granting a lesser offense instruction if a rational or a reasonable jury could find the defendant not guilty of the principal offense charged in the indictment yet guilty of the lesser-included offense." **Mease**, 539 So. 2d at 1330, *quoting* **Monroe v. State**, 515 So. 2d 860, 863 (Miss. 1987). "Only where the evidence could only justify a conviction of the principal charge should a lesser offense instruction be refused." **Mease**, 539 So. 2d at 1330 (emphasis added). In summary, "a lesser included offense instruction must be granted where a reasonable juror could not on the evidence exclude the lesser-included offense beyond a reasonable doubt." **Boyd v. State**, 557 So. 2d 1178, 1182 (Miss. 1989) (emphasis added).

¶18. In the case at bar, had the lower court properly instructed the jury, the evidence adduced at trial was such that the jury could have found Yates guilty of the lesser-included offense, i.e., inflicting "non-accidental physical injury" on Jo-Jo, as opposed to inflicting "serious bodily harm."

¶19. The trial court committed reversible error in refusing to grant Yates' instruction on misdemeanor child abuse. There was sufficient evidence to support the lesser-included offense instruction and therefore, the jury should have been so instructed. **Lee v. State**, 469 So. 2d 1225, 1230 (Miss. 1985).

¶20. The question now becomes whether the proof establishes that Yates intentionally whipped Jo-Jo in such a manner as to cause serious bodily harm. In **Ahmad v. State**, 603 So. 2d 843 (Miss. 1992), this Court had occasion to interpret the former version of Miss. Code Ann. § 97-5-39(2) (Supp. 1988). The former version read:

Any person who shall intentionally burn or torture, or, except in self-defense or in order to

prevent bodily harm to a third party, whip, strike or otherwise abuse or mutilate any child in such a manner so that any bone is fractured or any part of the body of such child is mutilated, disfigured or destroyed, shall be guilty of felonious child abuse. . . .

¶21. The **Ahmad** Court rejected the defendant's argument that the statute required among other things, a showing of serious bodily injury. **Ahmad**, 603 So. 2d at 844. This Court in rejecting the defendant's argument and affirming his conviction stated: "[c]learly, the statute does not use the phrase 'serious bodily injury' . . . ."

¶22. In 1989, the Legislature amended Miss. Code Ann. § 97-5-39(2) (Rev. 1989). It is under this revised statute that Yates was indicted. The revised statute requires a showing of serious bodily harm but does not provide a definition for "serious bodily harm." Necessarily, we must look to our case law for a definition. In **Fleming v. State**, 604 So. 2d 280, 292 (Miss. 1992), this Court cited favorably the definition for "serious bodily injury" provided in the **Model Penal Code** § 210. (1980), which states:

'serious bodily injury' means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ;

¶23. In *Payton,* the evidence showed that the defendant caused serious bodily harm to her eight-month-old child by putting glass in her formula and feeding the child the contaminated formula. The glass caused various lacerations in the child's mouth and around the child's rectum. Also, blood was discovered in the child's stomach and stool. This Court affirmed the defendant's conviction and held that the fact that the defendant fed an eight-month-old child glass coupled with her injuries was sufficient to demonstrate serious bodily harm.

¶24. Here, Dr. Madden testified that the bruises he saw on Jo-Jo were superficial. He also testified that he did not prescribe any medical treatment for Jo-Jo's bruises, which were not life threatening. Likewise, the record does not indicate that Jo-Jo was seriously or permanently disfigured or that he suffered a protracted loss or impairment of the function of a bodily member or organ. The evidence demonstrated that Yates admittedly whipped Jo-Jo and caused certain bruises. However, conflicting proof was elicited at trial as to whether the child's injuries would satisfy the serious bodily harm element of Miss. Code Ann. § 97-5-39(2). Had the jury been properly instructed it may have reached a contrary conclusion.

¶25. Yates admitted whipping Jo-Jo three times with a leather belt. Yates contended the whipping was not child abuse, but from the evidence developed at trial, it is evident that a properly instructed reasonable juror might find that the whipping, while not felonious child abuse, was certainly misdemeanor child abuse. Thus, Yates' defense was that the facts of this case, as developed during the trial, might show him guilty of misdemeanor child abuse, and not guilty of felonious child abuse.

¶26. We look to the record to determine whether the proof beyond a reasonable doubt established misdemeanor child abuse. The evidence clearly established three elements common to both felonious child abuse and misdemeanor child abuse, *i.e.*, Yates admitted that he whipped the child with a belt and the jury could find that the bruises and contusions were caused by the whipping. Notwithstanding this, however, the question becomes whether the bruises constituted "nonaccidental physical injury"

or "serious bodily harm." This Court finds that the evidence adduced at trial was such that a rational or reasonable jury could find Yates not guilty of felony child abuse, but guilty of misdemeanor child abuse. *Mease*, 539 So. 2d at 1330.

¶27. The more serious question which this Court must now answer concerns whether the case should be returned to the trial court for a new trial in view of our findings of the proof sufficiently establishing guilt of misdemeanor child abuse by Yates. There is no need for the child, his family, Yates, or the State to be required to endure the additional expense and draining of emotions of another trial.

¶28. There is clear precedent for a more reasonable, common sense alternative. If Yates is guilty of misdemeanor child abuse, this Court should simply affirm on that charge and remand for re-sentencing. This Court, in *Clemons v. State*, 473 So. 2d 943 (Miss. 1985), held:

> We find in the instant case that the facts are not sufficient to support the conviction for murder and that the verdict is against the overwhelming weight of the evidence. In accord with *Wells*, we find that it would serve no useful purpose to subject the state and the defendant to another trial for manslaughter when the evidence has established guilt of that crime beyond a reasonable doubt.

We therefore reverse the conviction of appellant of murder and remand the case for resentencing for the crime of manslaughter. *Clemons*, 473 So. 2d at 945.

¶29. *Clemons* continued the precedent first established in *Wells v. State*, 305 So. 2d 333 (Miss. 1974), wherein this Court held that where the evidence was not sufficient to support a conviction for murder, but under the circumstances, the statute defining the offense of manslaughter was applicable; the case would reversed and remanded for resentencing for manslaughter. *See also Bradley v. State*, 413 So. 2d 725 (Miss. 1982); *Biles v. State*, 338 So. 2d 1004 (Miss. 1976), *cert. denied,* 431 U.S. 940 (1977); *Jackson v. State*, 337 So. 2d 1242, (Miss. 1976).

¶30. In *Dedeaux v. State*, 630 So. 2d 30 (Miss. 1993), where Dedeaux was charged with murder, yet the overwhelming proof supported manslaughter instead, this Court held, "The facts herein clearly support manslaughter. This Court will follow its holdings in *Wells* and *Clemons*, and reverse and remand for resentencing for the crime of manslaughter." *Id.* at 33. The more common sense approach is to affirm Yates' conviction on misdemeanor child abuse and remand for resentencing

¶31. It is noteworthy that in cases involving possession of drugs with intent to deliver or sale, this Court routinely affirms on the lesser-included offense of simple possession and remands for resentencing, where the proof, though insufficient to show "intent to deliver or sale" was sufficient for simple possession. This Court, in *Murray v. State*, 642 So. 2d 921 (Miss. 1994), held:

> In keeping with the decision in *Miller*, "where the Court has found the proof insufficient to support a charge of possession with intent to distribute, this Court has remanded the case for resentencing on the lesser included offense of possession." 634 So. 2d at 129, *citing Jowers v. State*, 593 So. 2d 46 (Miss. 1992); *Thomas v. State*, 591 So. 2d 837 (Miss. 1991); *Stringfield v. State*, 588 So. 2d 438 (Miss. 1991); *Jackson v. State*, 580 So. 2d 1217 (Miss. 1991).

*Murray*, 642 So. 2d 921 at 924. *See also **Miller v. State***, 634 So. 2d 127, 129 (Miss. 1994).

¶32. It follows that the principle commenced in *Wells* and *Clemons,* and further utilized in drug related cases such as *Murray* and *Miller*, should apply to the case at bar. We affirm Yates' conviction for misdemeanor child abuse and remand for resentencing only.

## CONCLUSION

¶33. The trial court was not in error in denying Yate's motion for a directed verdict because the State's evidence was sufficient at that stage of the trial proceeding. Under *Payton*, Yates was entitled to a lesser-included offense instruction. However, the totality of all the circumstances in evidence was such that a rational fact finder could find Yates not guilty of felony child abuse but guilty of misdemeanor child abuse. The evidence within this record clearly established beyond a reasonable doubt that Yates was guilty of misdemeanor child abuse. In accord with *Wells, Clemons, Dedeaux* and other cases referred to within this opinion, we hold that it would serve no useful purpose whatsoever to require the State and Yates to proceed with another trial for misdemeanor child abuse. We therefore reverse the conviction of felony child abuse, affirm on misdemeanor child abuse, and remand the case to the lower court for resentencing for the lesser offense of misdemeanor child abuse.

**¶34. REVERSED AS TO CONVICTION OF FELONY CHILD ABUSE; AFFIRMED AS TO CONVICTION OF MISDEMEANOR CHILD ABUSE AND REMANDED FOR RESENTENCING FOR THE LESSER OFFENSE OF MISDEMEANOR CHILD ABUSE.**

**LEE, C.J., PRATHER, P.J., PITTMAN, ROBERTS AND SMITH, JJ., CONCUR. BANKS, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, C.J. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**

 

**BANKS, JUSTICE, CONCURRING:**

 

¶**35.** I reluctantly concur in the result reached by the majority. I write to explain that reluctance.

¶36. We have often remanded for entry of a sentence under a lesser-included-offense where we found the evidence insufficient to support the offense charged yet ample to support the lesser-included-offense. *See **Alford v. State***, 656 So. 2d 186 (Miss. 1995); ***Clemons v. State***, 473 So. 2d 943 (Miss. 1985); ***Wells v. State***, 305 So. 2d 333, 337-38 (Miss. 1974). We have rejected the contention that another jury trial is required. *See **Bogard v. State***, 624 So. 2d 1313, 1320 (Miss. 1993); ***Biles v. State***, 338 So. 2d 1004, 1005 (Miss. 1976); ***Anderson v. State***, 290 So. 2d 628-29 (Miss. 1974). We theorized that the jury, of necessity, found the facts necessary to sustain the lesser-included-offense because such findings were essential to the finding of guilt of the greater offense. ***Bogard,*** 624 So. 2d at 1320 ("The jury, by its verdict, necessarily found Bogard guilty of burglary of a dwelling house, and the proof clearly supports a conviction for the lesser-included-offense of burglary of an

unoccupied dwelling.").

¶37. My reluctance to apply these principles in the instant case stems from the fact that here, the prosecutor affirmatively opposed a lesser-included-offense instruction and chose to live or die on the sufficiency of its felony charge. We should not, by today's result and that in *Dedeaux v. State,* 630 So. 2d 30 (Miss. 1993), be seen as encouraging knee-jerk objections to lesser-included-offense instructions. I have noted previously the harm caused our system of justice by the careless refusal of lesser-include-offense instructions. *Porter v. State*, 616 So. 2d 899, 910 (Miss. 1993) (Banks, J., dissenting); *See also* *Boyd v. State*, 557 So. 2d 1178, 1181 (Miss. 1989) ("for some unknown reason, our competent and able trial judges continue to refuse instructions on lesser included offenses when the evidence warrants them."); *Perry v. State*, 637 So. 2d 871 (Miss. 1994) ("[O]nce again, the trial court has foundered on the rock of failing to give a lesser included offense instruction."). What we gain in judicial economy by finding guilt of a lesser-include-offense where the prosecutor and the trial court have denied the jury an opportunity to do so in the first instance, may be lost ten times over by needless appeals and reversals, not to mention the potential for irreparable injustice to an accused wrongfully convicted of a more serious offense.

**LEE, C.J., JOINS THIS OPINION.**

**McRAE, JUSTICE, DISSENTING:**

¶38. In a deliberate attempt to avoid dismissing this case, the assignment of error regarding the trial court's failure to grant Yates a directed verdict is camouflaged by the majority's consideration of only one issue. The record undeniably reveals that there was insufficient evidence to establish felonious child abuse, yet the majority purposely remands this case for resentencing on a charge never brought before the jury. The majority admonished the trial court for failing to give an instruction and then on their own convicts him at the appellate level. In doing so, the majority completely neglects our rules and decisions concerning directed verdicts. What happened to *Clemons* and its progeny regarding trial by jury? While I concur with the majority's decision to reverse the conviction of felony child abuse, I strongly dissent to the majority's conviction of Yates for misdemeanor child abuse. Today's decision clearly subjects any parent to a child abuse conviction if he or she touches the child for discipline. The old adage "Spare the rod, spoil the child," is now obsolete, as is a trial by jury.

¶39. The record irrefutably demonstrates that Yates could not have been convicted of a felony, since the State failed to prove the existence of serious bodily harm. "Serious bodily injury" has been defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Fleming v. State*, 604 So. 2d 280, 292 (Miss. 1992)(citing Model Penal Code § 210 (1980)). A simple review of the record reveals that the evidence was never sufficient to establish the element of serious bodily harm. In fact, the prosecution was able to obtain a conviction only because it failed to include the element of "serious bodily harm" in the jury instructions. Even the majority agrees that the felony conviction must be dismissed. It therefore follows that the trial court erred in overruling the motion for a directed verdict, and that this court must reverse the felony conviction for lack of sufficient evidence.

¶40. The defendant, through his attorney, moved for a directed verdict at the close of the State's case. The trial court erroneously refused to grant the directed verdict. By raising the issue in the post-trial

motion for a new trial, and on this appeal, the defendant did everything we have required of a defendant to protect the error on appeal. Simply because the felony charged is one of child abuse, the majority looks past the trial court's error and gratuitously awards the State a different verdict in an obvious attempt to "save a conviction."

¶41. The majority cites the cases of *Clemons*, *Wells*, and *Dedeaux* for the proposition that the defendant may be convicted on a lesser included offense where the defendant is charged with one crime while overwhelming proof supports conviction on the lesser offense. However, just because a jury may find a defendant guilty of a lesser included offense without any additional count in the indictment for that purpose does not mean that this Court can pass upon the evidence as a jury and find from the evidence that the defendant is guilty of the lesser included offense. In this case, the jury just as easily could have found that the bruises were caused by the child's mother when she spanked him. Moreover, the doctor who examined the child found his bruises were superficial. It is solely the province of the jury to decide whether the facts of a case warrant a conviction for an offense which was not included in an indictment. It is not a matter for this Court to determine anew.

¶42. The fact remains that the lower court erred in not granting a directed verdict and dismissing the defendant on the basis that the State failed to meet its burden of proof. What happened to our rules on directed verdicts? Simply put, what happened to all of our decisions that said once the state fails to meet its burden of proving all elements of a crime, the defendant is discharged?

¶43. The majority's decision to remand this case for resentencing on misdemeanor child abuse is especially troublesome because of the inherent vagueness of the elements of misdemeanor child abuse, particularly the definition of "nonaccidental physical injury." We are treading on shaky ground where convictions might be dependent upon the ease with which an individual bruises, especially in this case where testimony indicated that some of the bruises were the result of the spanking inflicted by the mother. Corporal punishment by parents or teachers in schools will now always involve the fear of at least a certain misdemeanor conviction or felony charge. Were the jury properly instructed, it might have found that Yates merely used bad judgment in spanking the child when he refused to eat, not that he was guilty of child abuse.

¶44. The United States Supreme Court declined to review a similar situation regarding this Court's affirmance of a guilty verdict on a lesser included offense and remand for resentencing. *Biles v. Watkins*, 441 U.S. 953, 99 S.Ct. 2182 (1979). However, I would urge my colleagues to heed the dissent to that denial of certiorari:

> Although overturning petitioner's conviction for capital murder, the Mississippi Supreme Court, finding evidence of the necessary intent to kill, found petitioner guilty of simple murder and to this extent affirmed the conviction. Petitioner, however, was not tried by the jury for simple murder, and the judgment of the Mississippi court would appear infirm under *Cole v. Arkansas*, 333 U.S. 196, 201, 92 L.Ed. 644 (1948), where the Court held that '[i]t is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made.' Further, the right to a jury trial is rendered nugatory where an appellate court overturns the verdict on the only offense found by the jury to have been committed and imposes a conviction for an offense that includes an essential element not necessarily found by the jury.

*Biles*, 441 U.S. at 954, 99 S.Ct. at 2183 (White, J., dissenting)(footnote omitted).

¶45. Because of the State's failure to meet its burden of proving all the elements of the offense charged in the indictment, this case should be reversed and the defendant discharged. I disagree with the majority's decision to step into the shoes of the jury and give the State an unearned conviction, and I accordingly dissent.

**SULLIVAN, P.J., JOINS THIS OPINION.**