758 So.2d 440 (1999)
Cornelius FIELDS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01081-COA.
Court of Appeals of Mississippi.
November 30, 1999.
Rehearing Denied March 7, 2000.
Certiorari Denied June 1, 2000.
*441 Raymond L. Wong, Cleveland, Attorney for Appellant.
Office of the Attorney General by John R. Henry, Jr., Attorney for Appellee.
BEFORE SOUTHWICK, P.J., LEE, AND PAYNE, JJ.
PAYNE, J., for the Court:

PROCEDURAL HISTORY
¶ 1. In May 1998, appellant Cornelius Fields was convicted in the Circuit Court of the Second Judicial District of Bolivar County on two counts of burglary of a business and as a habitual criminal. He was thereafter sentenced to serve a term of seven years for Count I and seven years for Count II in the custody of the Mississippi Department of Corrections.
¶ 2. Fields was sentenced as a habitual offender pursuant to Mississippi Code § 99-19-81, and his sentences were to run consecutively to one another. The court further ruled the sentences for both Counts I and II could not be reduced or suspended, nor would Fields be eligible for parole or probation during the term of each sentence.
¶ 3. Feeling aggrieved of his convictions and sentences on the two counts of burglary of a business, Fields filed this appeal.

FACTS
¶ 4. On December 13, 1997, Fields broke a window out of Robert Windham's service station in Mound Bayou, Mississippi, entered through the window, and took keys to a vending machine used as a safe for car radios and other electronic items. Again on December 16, 1997, Fields broke into Windham's station through the same then-boarded-up window. On this second occasion two tires, four cases of transmission fluid, a quantity of oil and some batteries were taken.
¶ 5. Cornelius Pruitt told police he bought two tires from Fields on December 18, 1997 for twenty dollars. Three days later Pruitt discovered the tires he had purchased actually belonged to Windham, and on January 1, 1998, Pruitt paid Windham the retail value of the tires. From Pruitt's information, the police questioned both Fields and Fields's father. Fields maintained his noninvolvement until, upon searching the father's car, the police discovered the vending machine key and found it to fit the machine. At that time Fields confessed to the burglaries and was arrested.

ARGUMENT AND DISCUSSION OF THE LAW

STANDARD OF REVIEW
¶ 6. Fields raises two issues with this appeal. The first issue regards whether the trial court committed error in limiting the cross-examination of Cornelius Pruitt by the defense concerning Pruitt's bias and prejudice towards Fields.
¶ 7. Our standard of reviewing this issue was set forth in Johnson v. State, 756 So.2d 4 (¶ 8) (Miss.App.1999) (citations omitted): "Parties may liberally cross-examine proffered witnesses regarding bias and interest. The scope of cross-examination is ordinarily broad. However, the extent of cross-examination lies within the sound discretion of the trial court, but its ruling will be reversed when an abuse of that discretion is shown."
¶ 8. As will be explained further, we find the trial court did not abuse its discretion in limiting the cross-examination at issue.
¶ 9. The second issue Fields raises on this appeal is whether the trial court committed *442 error in denying Fields's motion for a directed verdict. Fields contends he was due a directed verdict because the prosecution failed to prove its case against Fields, the verdict was against the over-whelming weight of the evidence, and the verdict evidenced bias and prejudice against the appellant and was based solely upon suspicion and speculation.
¶ 10. "In considering a motion for directed verdict, the reviewing court must consider evidence introduced in light most favorable to State, accepting all evidence introduced by the State as true, together with all reasonable inferences therefrom; if there is sufficient evidence to support a guilty verdict, motion for directed verdict must be overruled." Yates v. State, 685 So.2d 715, 718 (Miss.1996) (citing Edwards v. State, 615 So.2d 590, 594 (Miss.1993)).
¶ 11. "In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Winston v. State, 726 So.2d 197(¶ 10) (Miss.Ct.App.1998).
¶ 12. Applying these standards of review, we find the trial court did not err in denying Fields's motion for directed verdict. We further find the weight of the evidence was such that to permit the guilty verdict to stand would not sanction an unconscionable injustice. The trial court correctly found Fields guilty on both counts.

ANALYSIS OF THE ISSUE PRESENTED

I. EXAMINATION OF CORNELIUS PRUITT BY THE DEFENSE CONCERNING HIS BIAS AND PREJUDICE AGAINST THE DEFENDANT
¶ 13. Fields contends the evidence against him was such that a guilty verdict was not warranted. Reviewing this evidence in support of the verdict, however, we find substantial evidence did exist in support of Fields's guilt.
¶ 14. Fields argues the judge was wrong in not allowing him to examine Pruitt regarding an alleged criminal complaint Pruitt had previously filed against Fields. Mississippi Rule of Evidence 616 states: "For the purpose of attacking the credibility of a witness, evidence of bias, prejudice, or interest of the witness for or against any party to the case is admissible." In relying on this rule, Fields alleges he should have been permitted to question Pruitt, as Fields believed Pruitt harbored a prejudice toward Fields.
¶ 15. We find the judge properly exercised his discretion in not allowing cross-examination regarding the alleged criminal complaint Fields had filed against Pruitt. As stated in the State's brief, the judge's reasoning in allowing any such questioning to occur would be for the purpose of giving the jurors a full and complete picture of the witness, thus enabling them to weigh his testimony and judge the credibility.
¶ 16. Along this line, the judge did not allow the cross-examination, but he did allow the jury to be told that Pruitt had at one time been a suspect in the Windham station burglaries, that Pruitt had agreed to cooperate with the police in this matter, and that Fields had actually implicated Pruitt as aiding in commission of the crimes. In allowing this information to go before the jury, the judge more than gave the jury "the big picture" concerning Pruitt's interest in testifying.
¶ 17. Actually, no evidence exists in the record describing this charge Fields contends he filed against Pruitt. Such being the case, we find no error in the judge's act of not allowing the cross-examination of Pruitt regarding the alleged complaint Fields filed against him.

*443 II. THE TRIAL COURT COMMITTED ERROR IN DENYING FIELDS'S MOTION FOR A DIRECTED VERDICT BECAUSE THE PROSECUTION FAILED TO PROVE ITS CASE AGAINST FIELDS, THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, AND THE VERDICT EVIDENCES BIAS AND PREJUDICE AGAINST THE APPELLANT AND WAS BASED SOLELY UPON SUSPICION AND SPECULATION.
¶ 18. Fields made a motion for a directed verdict at the close of the State's case. Such motion was denied, and Fields now argues the weight of the evidence was not such as to support the guilty verdict.
¶ 19. In his brief, Fields fails to tie in the facts of his case to the law he cites. Therefore, we examine the evidence that favors the verdict, pursuant to the afore-mentioned standard, to determine if the judge abused his discretion.
¶ 20. Pruitt testified he bought the tires from Fields shortly after the burglary, the stolen vending machine keys were found in the possession of Fields's father, and Fields actually confessed to the thefts upon the police's discovery of the vending machine keys. This testimony and evidence overwhelmingly support the verdict of guilty on both counts of burglary of a building.

CONCLUSION
¶ 21. The law does not support Fields's contention the court was in error in limiting cross-examination of Pruitt, nor does the law support Fields's contention he was due a directed verdict. Therefore, we affirm the finding of the lower court on each of these issues.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION AS A HABITUAL OFFENDER ON COUNT I BURGLARY OF A BUILDING AND SENTENCE OF SEVEN YEARS WITH SENTENCE IN THIS CAUSE TO RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED; COUNT II BURGLARY OF A BUILDING AND SENTENCE OF SEVEN YEARS WITH SENTENCE IN COUNT II TO RUN CONSECUTIVELY TO THE SENTENCE IMPOSED IN COUNT I, BOTH IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, LEE, MOORE, AND THOMAS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.