McMILLIN, C.J.,
for the Court.
¶ 1. Bobbie Ann Sims has filed an appeal from her criminal conviction on five separate counts of an indictment alleging felonious child abuse in the torture and beating of her five children by her individually and acting in concert with her boyfriend, Tyrone Walker.
¶ 2. At the close of the State’s case, the defendant moved for a directed verdict on the ground that the State had failed, as to each count, to prove an essential element of felony child abuse, ie., that the abuse was of sufficient severity to “cause serious bodily harm” to the child within the meaning of Section 97 — 5—89(2)(c) of the Mississippi Code. Miss.Code Ann. 97-5-39(2)(c) (Rev.2000). The trial court denied the motion and the jury was instructed both as to felony child abuse and the lesser-included-offense of misdemeanor child abuse on all five counts. The jury convicted Sims of misdemeanor child abuse on counts one and two and felony abuse on counts three, four, and five.
¶ 3. Sims’s appeal raises only one issue, which is that the trial court erred in denying her motion for a directed verdict at the close of the State’s evidence. We find the issue to be without merit and affirm her conviction as to all counts.
I.
Sufficiency of the Evidence of Guilt
¶ 4. A motion for directed verdict is a challenge to the sufficiency of the State’s evidence. Ellis v. State, 778 So.2d 114, 117 (¶7) (Miss.2000). It is, in effect, a contention that, as to one- or more of the essential elements of the crime, the State’s evidence was so lacking that a reasonable and fair-minded juror fairly considering the evidence could only find the defendant not guilty. McClain v. State, 625 So.2d 774, 778 (Miss.1993).
¶ 5. In her argument, Sims focuses entirely on the quality of the evidence showing that her efforts caused “serious bodily harm” to the children. She claims that there was no evidence presented from which the jury could reasonably conclude that any of the children did, indeed, suffer serious bodily harm at her hands or at the hands of her boyfriend, Tyrone Walker. At the time this case was tried, the definition of what constituted “serious bodily harm” for purposes of felony child abuse had been set out by the 'Mississippi Supreme Court in the following terms:
‘serious bodily injury’ means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ....
Yates v. State, 685 So.2d 715, 720 (Miss.1996) (quoting Model Penal Code § 210 (1980)). The jury was, in fact, given an instruction on what constituted serious bodily injury that tracked this definition verbatim.
¶ 6. Much of Sims’s brief deals with the fact that, after her case was tried, the supreme court adopted a different definí *786 tion of “serious bodily harm” in child abuse cases that included not only evidence of “permanent disfigurement” but also added within the definition “temporary disfigurement.” Wolfe v. State, 743 So.2d 380, 385 (¶ 24) (Miss.1999). This argument is advanced, apparently, out of a fear that this Court will decide the sufficiency of the proof of the extent of the children's injuries on the broader standard of Wolfe. We will not. The rule announced in Yates applied at the trial of this case and the jury was instructed accordingly. In that situation, it would be entirely inappropriate to measure the sufficiency of the evidence by some other later announced standard.
A.
The Misdemeanor Convictions
¶ 7. At the outset, we observe that the issue presented on appeal has no relevance as to the two misdemeanor convictions since a demonstration of “serious bodily harm” to the.victim is not an essential element of that crime. Miss.Code Ann. § 97-5-39(1) (Rev.2000); Payton v. State, 642 So.2d 1328, 1335 (Miss.1994). Therefore, as to those two counts, we have little difficulty in affirming Sims’s conviction.
B.
The Three Felony Convictions
¶ 8. The proof as to the three older children mentioned in counts three, four and five was that they had been severely beaten with an extension cord. The investigating Department of Human Services official, Catrina McClain, testified to the severity of the children’s injuries and indicated that, at the time she saw them, some of the wounds were still open and bleeding. A series of photographs was introduced showing a distressing number of lesions, scars, and contusions over substantial parts of the children’s bodies.
¶ 9. Sims’s argument that the State failed to prove that the three victims identified in counts three, four and five of the indictment suffered serious bodily harm is based principally on defense counsel’s cross-examination of McClain. In that cross-examination, he managed to elicit from her that the children were never hospitalized and that, in her opinion, none of the injuries were life-threatening or threatened to impair the function of any internal bodily organs. McClain also appeared uncertain to some extent as to whether the injuries received by the children would result in serious permanent disfigurement.
¶ 10. On that basis, Sims now argues that the State failed to meet its burden. We disagree without hesitation. The State offered into evidence a series of photographs of each of these three children, aged six, eight, and nine, that revealed substantial injuries received, according to the proof, in the form of a beating administered with an electric extension cord with sufficient severity, in some cases, to break the skin. The sheer number of the markings on these children shows, beyond question, that the beatings they received were protracted affairs of merciless cruelty to these small children standing defenseless in the face of mindless fury. In view of the evident severity of the numerous bruises, contusions, and lacerations suffered by these victims as graphically demonstrated by the physical evidence presented at trial, we are satisfied that it was within the jury’s province, based on the common experiences of life brought to the jury room by the panel’s various members, to conclude beyond a reasonable doubt that the injuries received would result in permanent pronounced scarring of the bodies of these young victims sufficient to constitute *787 the kind of “serious, permanent disfigurement” defined in the Yates decision.
¶ 11. THE JUDGMENT OF THE LE-FLORE COUNTY CIRCUIT COURT OF CONVICTION OF MISDEMEANOR CHILD ABUSE ON COUNTS ONE AND TWO IS AFFIRMED WITH SENTENCE OF SIX MONTHS IMPRISONMENT FOR EACH COUNT AND THE JUDGMENT OF FELONY CHILD ABUSE ON COUNTS THREE, FOUR AND FIVE IS AFFIRMED WITH SENTENCE OF FIFTEEN YEARS IMPRISONMENT FOR EACH COUNT. COUNTS ONE, TWO, FOUR, AND FIVE ARE TO BE SUSPENDED AND TIME TO BE SERVED ON SUPERVISED PROBATION WITH CONDITIONS, BY THE MISSISSIPPI DEPARTMENT OF CORRECTIONS ON OUTSIDE CONFINEMENT. ALL COSTS OF THIS APPEAL ARE TAXED TO LEFLORE COUNTY.
KING AND SOUTHWICK, P. JJ„ BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.