752 So.2d 1105 (1999)
Cleotha WOOTEN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-KA-00448-COA.
Court of Appeals of Mississippi.
November 16, 1999.
*1106 George T. Kelly, Greenville, Attorney for Appellant.
Office of the Attorney General by John R. Henry, Jr., Attorney for Appellee.
BEFORE SOUTHWICK, P.J., LEE, AND PAYNE, JJ.
LEE, J., for the Court:
¶ 1. This appeal arises from a criminal conviction in the Circuit Court of Washington County for aggravated assault and possession of a firearm by Cleotha Wooten, a convicted felon, in violation of Miss. Code Ann. § § 97-3-7 and 97-37-5, respectively. In addition to the two crimes for which the appellant was convicted, the indictment also charged him with discharging a firearm into an occupied dwelling. That count was dismissed at trial on motion by the State. Wooten was sentenced to ten years imprisonment for aggravated assault and to two years for possession of *1107 a firearm, to run concurrently. The appellant asserts as the basis of this appeal the sufficiency of the State's evidence such that his motion JNOV should have been granted or, in the alternative, that the verdict was against the overwhelming weight of the evidence and a new trial should have been granted. Finding no error, this court affirms.

FACTS
¶ 2. On the afternoon of July 19, 1996, twenty-four-year-old Kydim Winston was in his front yard in Greenville, Mississippi visiting with relatives. Winston lived with his mother and grandmother. On that afternoon a number of children and other people were in the front yards of Winston and his neighbor and several of the children were playing with water balloons. One of Winston's neighbors was Ethel Mae McTiller, who at the time had been living in the house next door to Winston with her boyfriend, Cleotha Wooten. During that time Wooten was seen leaving the McTiller residence with his belongings as though he were moving out of the house. McTiller testified that she and Wooten were in the midst of an argument at the time, and a neighbor testified that Wooten was mad at McTiller.
¶ 3. Winston's car was parked between his house and the McTiller house in such a way that it appeared to block Wooten's car. According to Winston's corroborated testimony, Winston asked Wooten if he wanted him to move his car. Winston stated that Wooten, in response, cussed at him and told him that he did not need to move his car. Wooten then got into his car and drove away. When Wooten returned Winston heard him say "something about don't be messing with his old lady or something." Winston, however, was not certain to whom Wooten was speaking because there were so many people in the yard. Wooten then left a second time. When he returned he picked up Ethel Mae McTiller and left a third time. McTiller testified that she had a drinking problem and that Wooten dropped her off at the store to get something to drink. Winston said that Wooten again pulled up in his car speeding, threw the door open and said something. Winston asked a friend next to him to whom Wooten was speaking. Wooten then responded to Winston, "Mother f____, I'm talking to you." Winston had been either sitting or leaning on his car and reached in to lower the volume on his radio. Winston testified that Wooten then said to him, "You must have a gun." Winston then looked down and saw the shadow of a gun on the street, and Wooten was halfway out of the car. Winston started to run, but by then Wooten had shot him in the stomach. Winston made it into his house and asked his mother to call an ambulance.
¶ 4. At the scene of the shooting, police discovered bullet holes in the victim's car and in a nearby mailbox. Officers found Wooten shortly after the shooting at his mother's house about one block away from the scene of the shooting. Wooten was outside when the officers approached the house and his car was backed up in the yard so that the front windshield was facing the street. He told the officers that someone had shot into his car. Wooten's mother told the officers that Wooten had brought a rifle into the house. Upon inquiry, he admitted to the officer that he had put the rifle in the attic of the house and the .22 rifle was retrieved at that time. Crime scene investigators from the Greenville Police Department found .22 shell casings inside Wooten's car to the right of the driver's seat and on the floorboard, and nine bullet holes in the windshield of the car. The investigators testified that all of the shots into the windshield came from inside the car. They found no evidence to indicate that shots were fired into the car. Also, while the officers were in the house they spotted a pair of discarded pants lying in plain view which fit the description of those reportedly worn by Wooten at the time of the shooting. Once the evidence was gathered, the officers transported *1108 Wooten to the police station. Charges were not brought against Winston, as there was no evidence to indicate that he was anything more than a victim.

ISSUE

DID THE CIRCUIT COURT ABUSE ITS DISCRETION IN FINDING THE EVIDENCE INSUFFICIENT TO SUSTAIN THE APPELLANT'S MOTION FOR JNOV OR IN THE ALTERNATIVE FOR FAILING TO GRANT A NEW TRIAL ON A CLAIM THAT THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?

Standard of Review
¶ 5. In this appeal, Wooten seeks relief in the form of a reversal and discharge or, in the alternative, remand to the trial court for a new trial. The former is a consequence of legal insufficiency of the evidence while the latter is the product of an examination of evidentiary weight. May v. State, 460 So.2d 778, 781 (Miss. 1984).
¶ 6. In assessing the legal sufficiency of the evidence for a motion for JNOV, the trial judge is required to accept as true all of the evidence that is favorable to the State, including all reasonable inferences that may be drawn therefrom, and to disregard evidence favorable to the defendant. Yates v. State, 685 So.2d 715, 718 (Miss.1996); Ellis v. State, 667 So.2d 599, 612 (Miss.1995); Clemons v. State, 460 So.2d 835, 839 (Miss.1984); Noe v. State, 616 So.2d 298, 302 (Miss.1993). If under this standard, sufficient evidence to support the jury's verdict of guilty exists, the motion should be overruled. Brown v. State, 556 So.2d 338, 340 (Miss.1990); Butler v. State, 544 So.2d 816, 819 (Miss.1989). A finding that the evidence is insufficient results in a discharge of the defendant. May v. State, 460 So.2d 778, 781 (Miss. 1984).
¶ 7. Where the weight of the evidence, as opposed to the sufficiency, is challenged, the jury's verdict is vacated on grounds relative to the weight of the evidence so that a new trial is granted as opposed to final discharge. Id. In determining whether a jury verdict is against the overwhelming weight of the evidence, the court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Herring v. State, 691 So.2d 948, 957 (Miss.1997) (citing Thornhill v. State, 561 So.2d 1025, 1030 (Miss.1989)). Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will it be disturbed on appeal. Benson v. State, 551 So.2d 188, 193 (Miss.1989) (citing McFee v. State, 511 So.2d 130, 133-34 (Miss.1987)). It has been said that on a motion for new trial the court sits as a thirteenth juror. The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict. United States v. Sinclair, 438 F.2d 50, 51 n. 1 (5th Cir.1971). Thus, the scope of review on this issue is limited in that all evidence must be construed in the light most favorable to the verdict. Mitchell v. State, 572 So.2d 865, 867 (Miss.1990).
¶ 8. The evidence to be evaluated regarding sufficiency for sustaining a conviction for aggravated assault and the evidence relevant to ascertaining whether the jury's verdict was against the overwhelming weight will be the same in this case; evidence regarding sufficiency requires the court to accept as true all evidence favorable to the State, Yates, 685 So.2d at 718, and evidence regarding weight limits our review to that construed in the light most favorable to the verdict. Mitchell, 572 So.2d at 867.

*1109 DISCUSSION
¶ 9. Miss.Code Ann. § 97-3-7(2)(b) (Rev 1994) in its pertinent parts states that "A person is guilty of aggravated assault if he ... attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm;...." The State has offered both eyewitness testimony and physical evidence in support of the aggravated assault charge. This testimony included that of police officers and crime scene investigators who not only examined the scene of the crime and the physical evidence but who also went to Wooten's house and found the .22 rifle that Wooten used to shoot Winston. Eyewitness testimony was also presented.
¶ 10. Wooten admits the elements of the crime but claims self-defense. Because the issue of self-defense is one for the jury, Wooten was given the benefit of a selfdefense instruction with no supplemental instruction limiting the effect of self-defense, as has been condemned by the Mississippi Supreme Court in Keys v. State, 635 So.2d 845, 849 (Miss.1994). The jury, having been properly instructed, rejected his claim of self-defense. His claim of selfdefense, however, is unsupported by the evidence.
¶ 11. The appellant claims that he believed that the victim had a gun and shot at him. Apart from Wooten's own out of court statement to that effect, to which he did not testify at trial, he relied only on two sets of photographs submitted by the State to support his claim. One set depicts the bullet holes in the windshield of the appellant's car. Wooten contends that the victim fired shots into the car. This is, however, directly in conflict with the physical evidence and the testimony of Officer Carlos Thompson of the Greenville Police Department who testified that the bullets which made the holes in the windshield had been fired from inside the car. Also, there was no evidence showing that the bullets impacted anything within the car, including Wooten himself. Wooten contends, in the alternative, that if he shot from within the car, and that he shot in self-defense. There is, however, no evidence to support that Winston was in any way the aggressor.
¶ 12. Wooten also relies on photographs which depict both sides of Ethel Mae Tiller's mailbox which stood in the line of fire on the day of the shooting in support of his assertion that he acted in self-defense. Bullet holes appear to be evident on both sides of the mailbox, the inference being that shots were fired from both sides and that Winston too must have had a gun. The record shows that the mailbox itself was not brought into evidence and that the only evidence presented from an investigator regarding the bullet holes in the mailbox came from an officer who clearly stated that he did not go to the crime scene and had therefore never seen the mailbox itself. His statement that the mailbox appeared to have bullet holes in both sides was a conclusion he derived from looking at photographs of the mailbox while on the witness stand. He also testified that he could not tell from viewing the photographs when the holes were made in the mailbox. The jury obviously chose not to weigh this evidence in favor of Wooten.
¶ 13. The mailbox is depicted in two photographs which were marked as exhibits. One photograph, S-7, depicts the side of the mailbox from Wooten's point of view at the time of the shooting and the other photograph, S-6, depicts the mailbox from the victim's point of view at that time. Exhibit S-7 depicts what could be an entrance bullet hole and S-6 depicts what could be a corresponding exit bullet hole fired toward Winston. Also noticeable in S-6 photograph is another hole in the mailbox which lies just above the exit hole aforementioned. Wooten contends that this puncture is an entrance hole made when the victim fired at him. If this is true, it necessarily follows that there should be a corresponding exit hole on the opposite side of the mailbox. However, S-7 *1110 reveals no such evidence to support the appellant's claim that Winston fired at Wooten.
¶ 14. Though the record does not show that the absence of such a corresponding exit hole was pointed out at trial, it is certainly a reasonable inference which jurors may have fairly drawn from the admitted evidence. Yates, 685 So.2d at 718. In determining whether the evidence was sufficient to sustain a conviction of aggravated assault, the trial judge is required to accept as true all evidence favorable to the State, including all inferences that may be drawn, and to disregard evidence favorable to the defendant. Id.; Williams v. State, 667 So.2d 15, 23-24 (Miss.1996). If the evidence is found to be sufficient, then the verdict must be affirmed.
¶ 15. The evidence presented at the trial by the State supporting its contention that Wooten shot the victim without justification includes: (1) testimony from a neighbor at the scene who was fifteen feet away from Winston when he was shot that Winston did not have a gun, (2) testimony from officers that there was no physical evidence showing that Wooten's car had been struck by bullets, (3) testimony from officers that physical evidence showed that the shots in Wooten's windshield were fired from the inside of the car, and (4) testimony that Wooten left the scene prior to the incident and returned with a gun.
¶ 16. We find that if this Court accepts as true all evidence favorable to the State that it is evident that the evidence was legally sufficient to demonstrate to a reasonable juror that Wooten was the perpetrator of the crime and that he did not act in self-defense; therefore, the motion JNOV was properly overruled. Wooten's motion for a new trial claims that the verdict was against the overwhelming weight of the evidence. This Court will not set aside a verdict by a jury, which is the arbiter of the weight and credibility of the evidence, without concluding that the evidence, taken in the light most favorable to the verdict, could not have supported a reasonable juror's conclusion that the defendant was guilty beyond a reasonable doubt. Rainer v. State, 473 So.2d 172, 173 (Miss.1985). "[W]e will not set aside a guilty verdict, absent other error, unless it is clearly a result of prejudice, bias or fraud, or is manifestly against the weight of credible evidence." Maiben v. State, 405 So.2d 87, 88 (Miss.1981). This Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Herring, 691 So.2d at 957.

POSSESSION OF A FIREARM BY A CONVICTED FELON
¶ 17. Though the appellant's brief primarily addresses the conviction for aggravated assault, the appellant's motion in the trial court seeks reversal on the charge of possession of a firearm by a convicted felon as well. Miss.Code Ann. § 97-37-5 (Rev.1994) states that it is unlawful for anyone who has been convicted of a felony to possess a firearm. At the trial, the defense stipulated that Wooten was a convicted felon. Both the State and the defense introduced testimony which established that Wooten possessed the rifle on the day of the shooting. Such an admission was integral to asserting self-defense. Therefore, both elements of the crime of possession of a firearm by a convicted felon were proven and that conviction is affirmed.

CONCLUSION
¶ 18. We find that a reasonable juror could have found, given the relevant testimony which has already been summarized, that Wooten was guilty of aggravated assault. We find that the verdict is not manifestly against the weight of credible evidence and that the circuit court did not abuse its discretion in failing to grant a new trial. Maiben, 405 So.2d at 88. We also find that the evidence was legally *1111 sufficient to demonstrate to a reasonable juror that Wooten was the perpetrator of the crime and that he did not act in selfdefense; therefore, the motion JNOV was properly overruled. Yates, 685 So.2d at 718. We therefore affirm Wooten's conviction for aggravated assault and possession of a firearm by a convicted felon.
¶ 19. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT OF CONVICTION ON COUNT I OF AGGRAVATED ASSAULT AND SENTENCE TO 10 YEARS TO RUN CONSECUTIVE TO CASE NO. 23952; COUNT II POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE TO 2 YEARS TO RUN CONCURRENT WITH COUNT I AND CONSECUTIVE TO CASE NO. 23952, BOTH IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.