754 So.2d 586 (2000)
Terrence Oneal BOYD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01277-COA.
Court of Appeals of Mississippi.
January 25, 2000.
*587 David O. Bell, Oxford, Attorney for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorneys for Appellee.
BEFORE McMILLIN, C.J., IRVING, LEE, AND THOMAS, JJ.
LEE, J., for the Court:
¶ 1. Terrence Oneal Boyd was indicted and found guilty of the crime of murder after a trial by jury in the Circuit Court of Chickasaw County for violation of Miss. Code Ann. § 97-3-19(1)(a) (Supp.1999). He was sentenced to life in the custody of the Mississippi Department of Corrections. After the denial of post-trial motions for judgment notwithstanding the verdict *588 (JNOV) or in the alternative a new trial, Boyd asserts this appeal claiming that the evidence was insufficient to sustain the verdict of guilty.

STATEMENT OF THE FACTS
¶ 2. On October 18, 1996 between 9:45 p.m. and 10:00 p.m., a narcotics investigator, Andy Harmon, was called by the sheriff's department dispatcher to the home of Linda Byars. Harmon also held the elected position of Chickasaw County coroner. He testified that when he arrived at the scene that he found Byars lying dead in a face up position on the kitchen floor with a telephone cord wrapped around her neck. After initially walking through the house, he exited the house and awaited for the Mississippi State Crime Laboratory to arrive. Once the initial investigation was completed by the crime lab, the body was removed from the house. Harmon then went through the house once more and found the plastic cover of a Playboy magazine in the trash. The name and address printed on the plastic cover was that of Terrence Oneal Boyd.
¶ 3. Deputy John A. Porter testified that he had also been called to the scene of the crime on the night of October 18. The next afternoon Porter proceeded with the investigation along with Harmon, and Boyd was located at his father-in-law's house. Boyd said that he had seen Byars about 11:30 a.m. on the day that she was found dead. Even though Boyd was at the scene of the crime while the crime lab was at Byars' house, he had not reported to the authorities, prior to this meeting with Porter, that he had been with Byars on the day that she was killed. While Porter interviewed Boyd, one of the other investigators with Porter asked for a cigarette and Boyd offered a Newport, the same brand that Harmon had found in Byars' home on the night of the 18th. Porter later asked Boyd to go to the sheriffs office to help with the investigation. Boyd said that he would be glad to help because Byars was like a mother to him. Boyd gave two statements that night. Both followed Miranda rights and were introduced into evidence.
¶ 4. In Boyd's first statement, Boyd said that he went to Byars' house to give her a Playboy magazine that he had ordered for her. He also said that while he was at her house he had tried to repair her telephone ringer with an electric screwdriver and a butter knife. In the statement Boyd said that Byars was afraid of a man named Paul who often harassed her. Boyd said, "I pray to God whoever did it, I hope they throw em away."
¶ 5. Boyd gave a second statement later that same night. In that statement he said that he went inside Byars' house to help her repair the ringer on the telephone. Byars then asked him how Bobby Darrel Huffman knew that she was selling drugs. Boyd answered that he did not know and that Byars "tried to make a break for the phone and I had the phone cord in my hand and I reached and grabbed her around the neck. And I just held her." He said that he choked her until she fell on the floor, bleeding and vomiting, and then got up and pleaded with him not to kill her. Boyd said that he then reached for a pistol lying on the table and shot her repeatedly, that he killed her in self-defense. He said that he took the pistol with him and threw it in the weeds near the school where it was retrieved by the sheriff later that same night. According to expert testimony, Byars died of multiple gunshot wounds that included one to the left temple and two to the chest.

ISSUES

I. HAS THE APPELLANT DEMONSTRATED THAT THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION FOR MURDER?
¶ 6. In assessing the legal sufficiency of the evidence on a motion for a directed verdict or a motion for JNOV, the trial judge is required to accept as true all of the evidence that is favorable to the *589 State, including all reasonable inferences that may be drawn therefrom, and to disregard evidence favorable to the defendant. Yates v. State, 685 So.2d 715, 718 (Miss.1996); Ellis v. State, 667 So.2d 599, 612 (Miss.1995); Noe v. State, 616 So.2d 298, 302 (Miss.1993); Clemons v. State, 460 So.2d 835, 839 (Miss.1984). If under this standard sufficient evidence to support the jury's verdict of guilty exists, the motion should be overruled. Brown v. State, 556 So.2d 338, 340 (Miss.1990); Butler v. State, 544 So.2d 816, 819 (Miss.1989). A finding that the evidence is insufficient results in a discharge of the defendant. May v. State, 460 So.2d 778, 781 (Miss.1984).
¶ 7. In this appeal, Boyd seeks relief in the form of a reversal and discharge, a consequence of legal insufficiency of the evidence. Id. He contends that the State's evidence was not sufficient for a reasonable juror to find him guilty of murder since his confession includes a statement of self-defense. Boyd's assertion of self-defense is irrelevant in considering the issue of the sufficiency of the evidence since only the evidence favorable to the verdict is to be contemplated in determining sufficiency. Yates, 685 So.2d at 718.
¶ 8. The evidence presented at the trial to be evaluated regarding sufficiency for sustaining a conviction for murder which is favorable to the State, including all reasonable inferences that may be drawn therefrom, and required to be accepted as true, showing that Boyd did not act in self-defense, includes: (1) the testimony of Dr. Hayne that the trajectory of the fatal gunshot wound into Byars' brain could have entered her body while she was in a lying position, (2) the testimony of Dr. Hayne that the two gunshot wounds to the chest had trajectories of 30-35 degrees and 35-45 degrees, and that because of the way a gun is usually held, the trajectory is generally horizontal to the ground if both the person firing the shot and the person being shot are standing, even if one is taller than the other, (3) Boyd's own statement that he choked Byars until she fell on the floor and that "she was bleeding out of her nose and she was vomiting up some kind of white looking stuff," and that she got up and pleaded with him not to kill her, (4) the testimony of Dr. Hayne, forensic pathologist, that a bruise found on Byars' left hand was consistent with defensive posturing, (5) evidence that Byars was 5'5" tall weighing 140 pounds and that Boyd was 6'1" weighing 235 pounds, (6) testimony that an abrasion of an inch and a half on Byars left shoulder was the result of blunt force trauma by an object making contact as well as evidence of other bruises on the right collar bone measuring up to two and one-half inches.
¶ 9. In determining whether the evidence was sufficient to sustain a conviction of murder, the trial judge is required to accept as true all evidence favorable to the State, including all inferences that may be drawn, and to disregard evidence favorable to the defendant. Yates, 685 So.2d at 718. Taking into account the above stated evidence, we find that the evidence was sufficient for a reasonable juror to find the defendant guilty of murder. Hubbard v. State, 437 So.2d 430, 438 (Miss.1983).

II. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 10. Though the appellant does not argue that the verdict was against the overwhelming weight of the evidence as a separate issue in his brief, he commingles the concept with the question of sufficiency. Since a motion for a new trial was also filed, we will discuss the weight of the evidence as well.
¶ 11. Where the weight of the evidence as opposed to the sufficiency is challenged, the jury's verdict is vacated on grounds relative to the weight of the evidence, so that a new trial is granted as opposed to final discharge. May v. State, 460 So.2d 778, 781 (Miss.1984). In determining whether a jury verdict is against the overwhelming weight of the evidence, the court must accept as true the evidence *590 which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Herring v. State, 691 So.2d 948, 957 (Miss.1997) (citing Thornhill v. State, 561 So.2d 1025, 1030 (Miss.1989)). Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will it be disturbed on appeal. Benson v. State, 551 So.2d 188, 193 (Miss.1989) (citing McFee v. State, 511 So.2d 130, 133-34 (Miss.1987)). "It has been said that on a motion for new trial the court sits as a thirteenth juror. The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict." United States v. Sinclair, 438 F.2d 50, 51 n. 1 (5th Cir.1971) (quoting Wright, Federal Practice and Procedure: Criminal § 553, p. 487). Thus, the scope of review on this issue is limited in that all evidence must be construed in the light most favorable to the verdict. Mitchell v. State, 572 So.2d 865, 867 (Miss.1990).
¶ 12. The evidence to be evaluated regarding sufficiency for sustaining a conviction for murder and the evidence relevant to ascertaining whether the jury's verdict was against the overwhelming weight will be the same in this case. Evidence regarding sufficiency requires the court to accept as true all evidence favorable to the State, Yates, 685 So.2d at 718, and evidence regarding weight limits our review to that construed in the light most favorable to the verdict. Mitchell, 572 So.2d at 867.
¶ 13. Boyd's motion for a new trial claims that the verdict was against the overwhelming weight of the evidence. This Court will not set aside a verdict by a jury, which is the arbiter of the weight and credibility of the evidence, without concluding that the evidence, taken in the light most favorable to the verdict, could not have supported a reasonable juror's conclusion that the defendant was guilty beyond a reasonable doubt. Rainer v. State, 473 So.2d 172, 173 (Miss.1985). "[W]e will not set aside a guilty verdict, absent other error, unless it is clearly a result of prejudice, bias or fraud, or is manifestly against the weight of credible evidence." Maiben v. State, 405 So.2d 87, 88 (Miss.1981). This Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Herring, 691 So.2d at 957.
¶ 14. The forensic evidence supports the verdict. We find that a reasonable juror could have found, given the relevant testimony which has already been summarized, that Boyd was guilty of the murder of Linda Byars. There were no witnesses to the crime and no witnesses took the stand on behalf of the defense to support Boyd's assertion of self-defense. The only evidence presented regarding Boyd's assertion of self-defense is his own statement. In support of his claim of self-defense, Boyd contends that the crime itself was consistent with his claim, since "it did not show malice and was not especially cruel." Finding the murder of Byars to have been abominable and repugnant, we vehemently disagree and fail to understand how the appellant is able to make such a claim in light of the fact that he objected to the introduction of photographs of the victim on the basis of their gruesomeness and the prejudicial effect they would have on the jury. We conclude that the verdict is not manifestly against the weight of credible evidence and that the circuit court did not abuse its discretion in failing to grant a new trial.
¶ 15. THE JUDGMENT OF THE CHICKASAW COUNTY CIRCUIT COURT OF CONVICTION OF MURDER AND SENTENCE TO A TERM OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS *591 AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHICKASAW COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.