764 So.2d 484 (2000)
John Oscar BROWN a/k/a Oscar Brown, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00744-COA.
Court of Appeals of Mississippi.
August 1, 2000.
*485 Raymond M. Baum, Winona, Attorney for Appellant.
Office of the Attorney General by Dewitt T. Allred III, Attorney for Appellee.
BEFORE McMILLIN, C.J., LEE, AND THOMAS, JJ.
LEE, J., for the Court:
¶ 1. An Attala County Circuit Court jury found John Oscar Brown guilty of aggravated assault. He appeals, arguing that the verdict was contrary to the weight and sufficiency of the evidence and that the trial court erred in allowing improper argument by the prosecution. Finding these issues to be without merit, we affirm.

*486 FACTS
¶ 2. On November 19, 1998, Lenice Burt was stabbed four times. On the night in question, Burt told the police that her assailant was Brown.
¶ 3. Burt testified that she was at Dale Pullum's house playing card games, talking about Oprah Winfrey, and drinking. She stated that she borrowed some cigarettes early in the day from Brown and when she saw him in Pullum's backyard, around 5:30 p.m., she went to the backyard to return the rest of the cigarette package. In the backyard were Anthony Dawson, Jerome Gentry, and Brown. Dawson, Gentry, and Burt stated that Brown was pacing back and forth, talking incoherently. Dawson and Gentry soon left. During the trial both Dawson and Gentry testified that when they left Pullum's backyard, Burt and Brown were the only people there. Burt gave Brown the rest of the cigarette pack and turned around heading toward the front of the home. Brown then grabbed the hood of the jacket Burt was wearing. He proceeded to drag her to a nearby ditch and started choking her. Brown told Burt that if she screamed he would "cut" her and that there was a "hit" on her, and he was the "hit man." Burt received a laceration to her scalp, a laceration near her eye, a penetrating wound to her finger, and a deep wound to her neck that was in very close proximity to the carotid artery. Burt eventually escaped and ran to a neighbor's house. The paramedic and later the surgeon who treated Burt testified that Burt was highly agitated and combative. The paramedic also testified that besides being bloody, Burt appeared to have fallen in a sewage ditch, so she reeked.
¶ 4. Brown testified in his own defense. He stated that Burt drank heavily and was intoxicated in the early evening. He did not go to the Pullum's backyard, and he did not see Jerome Gentry that evening. He testified that he left the Pullum residence at about 5:30 or 5:40 p.m. and went to his brother Darren Hill's house. Brown testified that he did not stab Burt. Brown's brother, Darren Hill, testified that Brown came to his house at about 6:30 or 7:00 p.m., and he had no foul odor.

DISCUSSION
I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR NEW TRIAL BECAUSE THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
II. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT BASED ON LEGAL SUFFICIENCY OF THE EVIDENCE.
¶ 5. Brown argues that the circuit court erred in denying his motion for new trial as the verdict was based solely on the testimony of the victim who was in an intoxicated condition at the time of the assault and whose testimony was inconsistent at trial. "In determining whether a jury verdict is against the overwhelming weight of the evidence, the court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Boyd v. State, 754 So.2d 586 (¶ 11) (Miss.Ct.App.2000) (citations omitted). "Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will it be disturbed on appeal." Id. (citations omitted).
¶ 6. "In assessing the legal sufficiency of the evidence for a motion for JNOV, the trial judge is required to accept as true all of the evidence that is favorable to the State, including all reasonable inferences that may be drawn therefrom, and to disregard evidence favorable to the defendant." Wooten v. State, 752 So.2d 1105 (¶ 6) (Miss.Ct.App.1999) (citations omitted). "If under this standard, sufficient evidence to support the jury's verdict of *487 guilty exists, the motion should be overruled." Id. (citations omitted).
¶ 7. "[T]he jury is the sole judge of the credibility of witnesses, and the jury's decision based on conflicting evidence will not be set aside where there is substantial and believable evidence supporting the verdict." Nicholson v. State, 523 So.2d 68, 70 (Miss.1988) (citation omitted). Issues of credibility and conflict are for the jury to resolve. Id. at 71.
¶ 8. There was substantial evidence consistent with the verdict, evidence of such weight and quality that fairminded jurors in the exercise of impartial judgment could convict. We reject this assignment of error.

III. THE TRIAL COURT ERRED IN ALLOWING IMPROPER ARGUMENT BY THE STATE WHICH DENIED THE DEFENDANT A FAIR TRIAL.
¶ 9. In his last assignment of error, Brown argues that the prosecutor commented on his failure to call a witness. The prosecutor stated, "Jimmy Ray Brown could have come in here and testified to y'all and corroborated that story, but Jimmy Ray didn't do that. Jimmy Ray is not related to the defendant. He would not be willing to lie to you people about what happened." Brown argues that instead of objecting and trying to "unring the bell" in his closing argument he attempted to point out to the jury that the prosecution could have called this person. In final closing argument the prosecutor stated, "[t]oday is the very first day I had any idea what this defendant was going to tell me about that guy being at that house.... If I had known about it, I'd have sure brought him." At this point Brown objected, the trial judge overruling said objection.
¶ 10. "[I]t is the duty of a trial counsel, if he deems opposing counsel overstepping the wide range of authorized argument, to promptly make objections and insist upon a ruling by the trial court." Johnson v. State, 477 So.2d 196, 209-10 (Miss.1985). An objection must be made on the first occasion when it appears to counsel that there are grounds therefor, so that a subsequent objection on a ensuing presentation of the same allegedly objectionable matter comes too late. Lambert v. State, 518 So.2d 621, 625 (Miss.1987). Counsel states that he deliberately withheld objection for tactical reasons, and to some extent this was a legitimate decision, since often it is the wiser course to refrain from objecting in order to avoid overemphasizing the matter to the jury. However, an attorney who elects this route rather than a contemporaneous objection still has forfeited his grounds for objection as far as appeal is concerned.
¶ 11. Notwithstanding this procedural bar, Brown's argument also is without merit. Generally it is error to comment upon the other party's failure to call a particular witness if this witness is equally accessible to both. Doby v. State, 557 So.2d 533, 538-39 (Miss.1990). However, such comment is not improper where the witness was more available to and in closer relationship with the other party. See Ross v. State, 603 So.2d 857, 864 (Miss. 1992); Doby, 557 So.2d at 539 n. 5; Ruffin v. State, 724 So.2d 942 (¶ 22) (Miss.Ct.App. 1998).
¶ 12. The trial transcript reflects that the prosecution had not heard of Jimmy Ray Brown until Brown testified that he was at Darren Hill's home. "Unquestionably, such a witness is not equally available to the prosecution, and therefore, the prosecution had every right to comment on [Brown's] failure to call him." Ruffin, 724 So.2d at (¶ 22). We find no error occurred in this instance.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE TO FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. SENTENCE IMPOSED SHALL RUN CONSECUTIVELY *488 TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ATTALA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.