MYERS, J.,
for the court.
¶ 1. Vernora Michelle Watson was convicted of murder in the Circuit Court of Panola County, Honorable George C. Carlson presiding. She was sentenced to life in prison in the custody of the Mississippi Department of Corrections. Watson has perfected her appeal raising the following issues.
1. Whether the court erred in admitting testimony of Dr. Hayne regarding gunshot wounds after being only qualified as a forensic pathologist.
2. Whether the court erred in overruling defense objections during closing arguments.
3. Whether the court erred by admitting medical documents of the defendant.
After determining there is no merit to these issues for the reasons stated in this opinion, we affirm.
FACTS
¶ 2. On the night of May 3, 1999, Eric Watson was shot three times and killed. Evidence at trial proved that his wife, Vernora, was his killer. Vernora claimed Eric shot himself, even though no gunpowder residue was found on his hands. Gunpowder residue was found on hers. Several facts came out at trial. Vernora bought a gun and ammunition the day of the shooting. She was having an affair. She had often commented and inquired of others of what the outcome might be if she killed Eric.
¶ 3. Dr. Steven Hayne, forensic pathologist, testified that Eric suffered three shots all of which were lethal. Two of his wounds were contact wounds on his chest. The third wound was to his back which would have incapacitated him within seconds according to Dr. Hayne. At trial Vernora Watson objected to Dr. Hayne testifying as to the gunshot wounds and whether they caused Eric’s death.
*1031 DISCUSSION
1. The court did not err in allowing Dr. Steven Hayne to testify as an expert witness.
¶ 4. Watson suggests that Dr. Hayne was not qualified as a ballistics expert and therefore should not be allowed to testify as an expert on gunshot wounds. Nonetheless, Dr. Hayne was qualified as an expert in forensic pathology. She cites to the Mississippi Rules of Evidence and to Cotton v. State, 675 So.2d 308 (Miss.1996), in support of her argument that Dr. Hayne did not possess “expertise beyond that of an average randomly selected adult.” This, however, is all Watson offers to support her argument. The supreme court has clarified where this state stands on Dr. Hayne’s expert analysis. “Dr. Hayne was qualified as an expert in forensic pathology, which includes expertise in how wounds are received.” Bell v. State, 725 So.2d 836, 853(¶ 50) (Miss.1998); see also Holland v. State, 705 So.2d 307, 341 (¶ 127) (Miss.1997) (supreme court held that our case law permitted forensic pathologists to testify about wounds and the means of infliction of injury). This issue is without merit.
2. The court did/did not err in overruling defense objections to prosecutor remarks during closing arguments.
¶ 5. In this section of the appellant’s brief, Watson refers to statements by the prosecution as being impermissible. She does not support three of these claims with case law or a cohesive argument. As such we will not further review them. The trial court is afforded the presumption of correctness with the burden lying with the appellant to show otherwise by demonstrating reversible error. McKinney v. State, 724 So.2d 928, 932(¶ 14) (Miss.Ct.App.1998), citing Branch v. State, 347 So.2d 957, 958 (Miss.1977).
¶ 6. However, Watson directly refers to the remarks regarding whether enough evidence had been presented to support Watson’s own claims of battered wife syndrome. The prosecutor asked the jury whether there was any testimony or evidence in support of Watson’s claims regarding domestic abuse by her husband. He said that no doctors came in to testify to evidence of abuse, even though other defense witnesses had done so. Defense counsel objected and the objection was overruled. There is little support for the assertion that the statement alluded to Watson’s failure to testify. We do not find any language insinuating as much. After reading the record, it is unclear as to where counsel found such an insinuation. It more aptly appears to be the prosecutor reciting what was and was not presented in this case. A comment on a defendant’s failure to testify and a defendant’s failure to present a successful defense are two completely different things. Jimpson v. State, 532 So.2d 985, 991 (Miss.1988); see also Brown v. State, 764 So.2d 484, 487(¶ 11) (Miss.Ct.App.2000) (it is permissible to comment on failure to call a witness when the witness is “more available and in closer proximity to the .other party”).
3.The court did not err when it allowed Watson’s medical records into evidence.
¶ 7. Watson signed a medical release form allowing her medical records to be reviewed and admitted. She did so to attempt to support her claims of domestic abuse. She cannot now object to the use of these same records against her that she hoped to use in her favor. This issue is without merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY *1032 OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ„ CONCUR.