894 So.2d 590 (2004)
Simmie BRIGHT, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KP-00960-COA.
Court of Appeals of Mississippi.
August 24, 2004.
Rehearing Denied November 16, 2004.
Certiorari Denied February 24, 2005.
*591 Simmie Bright, Jr., appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before KING, C.J., LEE and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Simmie Bright, Jr. was convicted of embezzlement and sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections, with three years suspended. On appeal, Bright asserts that the court erred: (1) in denying his motion for a new trial, (2) in denying his motion for a directed verdict, (3) because he received an improper sentence, (4) because he received ineffective assistance of counsel, (5) because he was improperly charged with embezzlement, (6) in failing to grant a mistrial when the prosecution commented on his failure to call certain witnesses, and (7) because of cumulative errors. Finding no error, we affirm Bright's conviction and sentence.

FACTS
¶ 2. On the evening of September 28, 2001, Simmie Bright, Jr. began his shift as a booth cashier at the Grand Casino in Tunica County, Mississippi. His duties consisted of providing coins to the slot machine attendants to fill the slot machines and providing cash to the slot machine attendants to pay guests. On the *592 particular evening in question, Bright relieved Camilla Taylor at booth five.
¶ 3. At the end of Taylor's shift and at the beginning of Bright's shift, the contents of the cash drawer at booth five revealed that it contained $150,000. The contents consisted of cash, coins, tokens, and one credit slip in the amount of $37,000. Taylor and other Grand Casino employees testified that Bright was present during this count. Bright testified that Taylor had performed the count before he arrived and that he just signed the count sheet.
¶ 4. Early in the morning on September 29, 2001, Bright was reported missing for work without leave. Upon opening Bright's cash drawer and examining the contents, casino employees discovered a shortage of $80,000.
¶ 5. Grand Casino employees contacted the Tunica County Sheriff's Department, and officers were dispatched to Bright's home. While waiting for a search warrant, Officer Melvin Wilson spoke with Bright on the telephone. Officer Wilson testified that, in that conversation, Bright admitted that the money was in his safe at his house and that the money was from the Grand Casino. After receiving the search warrant, the officers seized the safe and took it to the sheriff's department. Upon opening the safe, the investigating officers found six bundles of one hundred dollar bills, each containing $10,000. Each bundle was wrapped in a Grand Casino strap.
¶ 6. Bright was arrested and charged with embezzlement. After trial, the jury returned a verdict of guilty. Bright now appeals.

ANALYSIS

I. Whether the court erred in denying Bright's motion for a new trial.
¶ 7. Bright asserts that he is entitled to a new trial because the evidence was insufficient to convict him. He notes that the casino cameras failed to show that he left the casino with any money, that none of the casino employees actually saw him remove the money from the casino, and that the money found in his safe was less than the amount that was short from the casino. Bright argues that the money in his safe was not proven to be from the casino.
¶ 8. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Dudley v. State, 719 So.2d 180, 182(¶ 8) (Miss.1998). For this Court to disturb the verdict on appeal, it must be so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Id.
¶ 9. At trial, casino employees testified that Bright began his shift with $150,000 in his drawer, that he left his station with six or seven bundles of one hundred dollar bills, that he entered the restroom near his station with the money in a plastic bag inside a black casino bag, that he exited the restroom and then exited the casino, that the black bag was found in the restroom, and that a shortage of $80,000 was discovered when his cash drawer was subsequently opened.
¶ 10. Aubrey Cruther, a casino employee, testified that she gave Bright $77,000 in exchange for a credit slip. The $77,000 was made up of $8,500 in coins and $68,500 in cash. Cruther testified that the $68,500 cash included six straps of one hundred dollar bills, with each strap containing ten thousand dollars.
*593 ¶ 11. Tunica County Sheriff Department officers testified that they found $60,000 in Bright's safe within his home. The money was wrapped in Grand Casino money straps. One of the officers testified that he spoke with Bright on the phone, while he was awaiting a search warrant. The officer testified that, when he asked Bright about the safe, Bright told him "you might as well bring it with you" and that it contained "the money from the Grand Casino."
¶ 12. Bright denied being present when his cash drawer was counted. Bright testified that he found a credit slip for $77,000 in his drawer and exchanged the credit slip for money during his shift. He testified that he began feeling ill during his shift and left work. He claimed that, before leaving, he left $80,000 unattended at the secured casino bank. Bright admitted the casino wrappers in his safe were from the Grand Casino, but claimed he received the money for work he did for farmers in Arkansas.
¶ 13. After reviewing the testimony and the appropriate standard of review, we find that the evidence presented supported the jury's verdict of embezzlement. Accepting as true the evidence which supports the verdict, we find the circuit court did not abuse its discretion in denying a new trial. Accordingly, we conclude that allowing the verdict to stand does not constitute an unconscionable injustice. Therefore, this Court will not disturb the jury's verdict on appeal.

II. Whether the court erred in denying Bright's motion for a directed verdict.
¶ 14. Bright argues that the case against him was built entirely on circumstantial, non-eyewitness evidence. He asserts that the circumstantial evidence presented did not prove that he was guilty beyond a reasonable doubt.
¶ 15. Motions for directed verdict and motions for judgments not withstanding the verdict are for the purpose of challenging the legal sufficiency of the evidence. Noe v. State, 616 So.2d 298, 302 (Miss.1993); Strong v. State, 600 So.2d 199, 201 (Miss.1992). In reviewing the sufficiency of the evidence questions, this Court is required to view the evidence in the light favorable to the State, giving it the benefit of all reasonable inferences which may be drawn from the evidence, and accepting as true that evidence which supports guilt. McClain v. State, 625 So.2d 774, 778 (Miss.1993). This Court must not weigh the evidence or its credibility as that is the province of the jury. Id. We, as an appellate court, may only reverse if the evidence is such that fair-minded jurors could only find the defendant not guilty. Id.
¶ 16. As discussed above, there was testimony presented that established that Bright took $80,000 from his cash drawer, hid it in a plastic bag inside a black casino bag, went to the restroom, removed the money from the black bag, left the black bag in the restroom, and then left the casino with the money. Tunica County Sheriff Department officers testified that they found $60,000, wrapped in Grand Casino money straps, in Bright's safe within his home.
¶ 17. Based on the record and the appropriate standard of review, we find that there was sufficient evidence presented to prove that Bright committed embezzlement. Therefore, we hold that the circuit court correctly denied Bright's motion for a directed verdict.

III. Whether Bright received an improper sentence.
¶ 18. Bright claims that he received an improper sentence. To support *594 this argument, Bright argues that a consideration of the circumstances of the offense, the proof offered, and the fact that he had no prior record does not justify the sentence imposed.
¶ 19. Our courts have consistently ruled that "[s]entencing is within the complete discretion of the trial court and is not subject to appellate review if it is within the limits prescribed by statute." Nichols v. State, 826 So.2d 1288, 1290(¶ 10) (Miss.2002). Mississippi Code Annotated Section 97-23-19 (Rev.2000)[1] provides a maximum ten-year sentence for embezzlement. Bright's sentence of ten years was within the statutory allowed amount. As such, we find that the trial court properly exercised its discretion in sentencing Bright.

IV. Whether Bright received ineffective assistance of counsel.
¶ 20. To prevail on his ineffective assistance of counsel claim, Bright must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced him in such a way that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The counsel's deficiency is assessed by looking at the totality of the circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). We, as an appellate court, apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Burns v. State, 813 So.2d 668, 673(¶ 14) (Miss.2001).
¶ 21. Bright's assertion his counsel was ineffective is contained in one line of his brief. Bright failed to allege with specificity any actions or inactions, on the part of his counsel, that were deficient. Thus, Bright has failed to establish that his counsel's performance was deficient. This assignment of error is without merit.

V. Whether Bright was properly convicted with embezzlement.
¶ 22. Bright asserts that he was improperly convicted for embezzlement. Bright argues that, although the facts may have been sufficient to support a larceny charge, the facts do not support a conviction for embezzlement. The crime of embezzlement stated in Mississippi Code Annotated Section 97-23-19 (Rev.2000):
If any director, agent, clerk, servant, or officer of any incorporated company, or if any trustee or factor, carrier or bailee, or any clerk, agent or servant of any private person, shall embezzle or fraudulently secrete, conceal, or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, any goods, rights in action, money, or other valuable security, effects, or property of any kind or description which shall have come or been intrusted to his care or possession by virtue of his office, place, or employment, either in mass or otherwise he shall be guilty of embezzlement, and, upon conviction thereof, shall be imprisoned in the penitentiary not more than ten years, or fined not more than one thousand dollars and imprisoned in the county jail not more than one year, or either.
¶ 23. The record contains sufficient evidence for the jury to conclude that each *595 element of the crime of embezzlement was committed. The evidence established that Bright was a casino employee, the casino intrusted money to his care and possession due to his employment, and Bright converted the money to his own use or made way with the money. Because there was sufficient evidence on each element, we find that Bright was properly charged and convicted of the crime of embezzlement.

VI. Whether the trial court erred in failing to grant a mistrial when the prosecution commented on Bright's failure to call a certain witness.
¶ 24. Bright argues that the prosecution improperly commented on his failure to call a certain witness. Bright asserts that the prosecution, in making this comment, attempted to make the jury focus on the fact that he did not call the witness.
¶ 25. The comment complained of was contained in argument during the prosecutor's hearsay objection to testimony Bright's attorney attempted to elicit from Bright during redirect examination. Counsel asked Bright to testify about what a casino employee said to him when he was contacted regarding his employment. On redirect, Mrs. Thomson, Bright's trial counsel, asked the following questions:
Q. Mr. Bright, the Prosecutor asked you about when you were contacted about your job.
A. Yes, ma'am.
Q. Okay. And that person  how did that person  when he called you, what did that person say?
BY MR. HALL (Prosecutor): Objection, your Honor, hearsay.
BY THE COURT: Not if the person talked to the Defendant.
BY MR. HALL: It's still hearsay, your Honor. They could have brought that person here to testify.
BY THE COURT: I'm going to overrule the objection. It has already been 
BY MRS. THOMSON: I would object to that comment, your Honor.
BY THE COURT: I overrule the objection. Ask the question.
After the court overruled the objection, Bright testified that the person he spoke to said he was with Grand Casino surveillance and informed Bright that he was under an investigation.
¶ 26. Bright argues that the prosecutor's comment that they could have brought the declarant to trial to testify was improper. Bright argues that this comment denied him a fair trial because it caused the jury to focus on his failure to call a witness, thereby shifting the burden of proof to him.
¶ 27. In Ruffin v. State, 724 So.2d 942, 947(¶ 22) (Miss.Ct.App.1998), this Court found that the prosecution did not err during closing argument when it referred to a missing witness that Ruffin mentioned in his direct testimony. Ruffin testified that a person who looked like him was present when the alleged drug purchase took place. In closing arguments the prosecutor commented on Ruffin's failure to call this person and other people as a witness. This Court held:
Generally, it is improper to comment on the failure of either party to call a witness equally accessible to both parties. Ross v. State, 603 So.2d 857, 864 (Miss.1992). However, when a defendant fails to call a witness more available to him and in a closer relationship to him, the prosecution is allowed to comment on *596 the defendant's failure to call the witness. Id.

Ruffin, 724 So.2d at 947(¶ 22).
¶ 28. Similarly, in Brown v. State, 764 So.2d 484, 487(¶ 9) (Miss.Ct.App.2000), the prosecutor, in closing argument, commented on the defendant not calling a witness. This Court held that the "witness [was] not equally available to the prosecution, and therefore, the prosecution had every right to comment on [the defendant's] failure to call him." Id. at 487(¶ 12). See also Gayle v. State, 743 So.2d 392, 402 (¶¶ 38-41) (Miss.Ct.App.1999) (applying the same analysis).
¶ 29. This Court in each of the above cited cases analyzed the availability of the witnesses to the parties and the relationship of the witnesses to the parties in deciding whether the comments were improper. Here, a similar analysis is unnecessary. The comment in question was not made in closing argument, but rather as argument or an explanation during the prosecution's objection to hearsay testimony. Viewing the comment in its proper and logical context, it is evident that the prosecutor was not attempting to draw attention to the fact that Bright did not call the witness. Indeed, the prosecutor was attempting to explain to the court why the elicited testimony was hearsay, and suggested a alternative way admitting the information into evidence. We fail to see how the prosecutor attempted to suggest Bright's guilt by pointing out a witness Bright did not call. Furthermore, Bright was allowed to testify about the conversation and what was said. Accordingly, we find that the prosecutor's comment was not improper.
¶ 30. Even if we determined the comment to be improper, it would not constitute reversible error. An improper comment on the failure to call a witness does not require reversal unless the probable effect of the improper comment created unjust prejudice against the accused resulting in a decision influenced by prejudice. Taylor v. State, 672 So.2d 1246, 1270 (Miss.1996). Given the context of the prosecutor's comment, we find that the comment likely had little impact and was not so prejudicial as to deprive Bright of a fair trial.

VII. Whether cumulative errors require a reversal of Bright's conviction.
¶ 31. Bright argues that even if none of his claims standing alone constitute cause to grant relief, the cumulative effect of each deprive him of the right to a fair trial. In Coleman v. State, 697 So.2d 777, 787 (Miss.1997) the court held that where there was no reversible errors in part, there are no reversible errors in the whole. The court ruled:
This Court may reverse a conviction and sentence based upon the cumulative effect of errors that independently would not require reversal. Jenkins v. State, 607 So.2d 1171, 1183-84 (Miss.1992); Hansen v. State, 592 So.2d 114, 153 (Miss.1991). However, where "there was no reversible error in any part, so there is no reversible error to the whole." McFee v. State, 511 So.2d 130, 136 (Miss.1987).
Coleman, 697 So.2d at 787.
¶ 32. As discussed above, none of Bright's claims constitute error. Therefore, we find the cumulative effect of his claims does not constitute error. This assignment of error is without merit.
¶ 33. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY OF CONVICTION OF EMBEZZLEMENT AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF *597 CORRECTIONS WITH THREE YEARS SUSPENDED TO RUN CONSECUTIVELY TO ANY AND ALL PREVIOUS SENTENCES, PAY A FINE OF $1,000 AND $20,000 IN RESTITUTION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., LEE, MYERS AND CHANDLER, JJ., CONCUR. IRVING AND BARNES, JJ., NOT PARTICIPATING.
NOTES
[1] Section 97-23-19 has subsequently been amended to delineate felony embezzlement and misdemeanor embezzlement. The revised 2000 version of the statute is applicable in this case, thus we cite to that version.