RUSSELL, J.,
dissenting:
¶20. I respectfully disagree with the majority’s decision to affirm the denial of the motion for post-conviction relief (PCR). I find the evidence does not support the conclusion that the State met its burden of proving the crime of felony stalking had been committed and that McCalpin “more likely than not” committed it, thus warranting revocation of his post-release supervision. Therefore, I dissent.
¶ 21. On appeal, a reviewing court should not disturb a lower court’s decision to deny a petition for post-conviction relief unless the court’s findings are clearly erroneous. McClinton v. State, 799 So.2d 123, 127 (¶ 4) (Miss.Ct.App.2001). However, where questions of law are raised the applicable standard of review is de novo. Id.
¶ 22. The mere arrest of a probationer is not a violation of probation. Moore v. State, 587 So.2d 1193, 1194 (Miss.1991). Our supreme court has stated that a conviction is not necessary to revoke probation; probation may be revoked upon a showing that the defendant “more likely than not” violated the terms of probation. Younger v. State, 749 So.2d 219, 222 (¶ 12) (Miss.Ct.App.1999) (citing Berdin v. State, 648 So.2d 73, 79 (Miss.1994)).
¶ 23. While an actual conviction is not required, the State is not left without a burden at a revocation hearing. At the time of the alleged offense, Mississippi Code Annotated section 97-3-107(1) (Rev. 2006), which governs the offense of stalking, stated: “Any person who willfully, maliciously, and repeatedly follows or harasses another person, or who makes a credible threat, with the intent to place that person in reasonable fear of death or great bodily injury is guilty of the crime of stalking....” (Emphasis added). Mississippi Code Annotated section 97-3-107(4) (Rev.2006) provides that the element of “harasses” is satisfied by “a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, or harasses the person and which serves no legitimate purpose.” Furthermore, section 97-3-107(4) defines course of conduct “as a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose.” Miss.Code Ann. § 97-3-107(4). I submit that the State failed to prove the crime of felony stalking had been committed by McCalpin or anyone else and cannot withstand scrutiny.
¶ 24. The statute first requires that one “wilfully, maliciously, and repeatedly follows or harasses.” Miss.Code Ann. § 97-3-107(1). The language reads and repeatedly. Id. (Emphasis added). Therefore, in addition to the harassment being wilful and malicious, it must have also occurred more than once to satisfy the statutory requirements. In this ease the testimony was undisputed that the incident of June 16, 2009, marked the first time either the alleged harassment victim or her mother had seen McCalpin. The court, in granting the State’s petition for revocation said, “I realize there is no evidence before the Court which says that it was repeatedly done. I do believe that it was wilfully and maliciously done, and the Court so finds.” There is no evidence of any repeated conduct. Furthermore, the statute provides that the harassment must *896 be pattern of conduct composed of a series of acts over a period of time evidencing a continuity of purpose. Miss.Code Ann. § 97-3-107(4). Additionally, the repeated series of acts over a period of time must seriously harass the victim to constitute felony stalking. Id. In granting the state’s petition for revocation the court also said “[t]he preponderance of the evidence shows that you were on her bumper. Whether you meant to be or not, you were. And if you were that close and following her, I can certainly understand and find that that constitutes harassment of her under this statute, [section] 97-3-107.” In the instant case, there was no evidence of a series of acts over a period of time evidencing a continuity of purpose and there was no evidence presented that Young was “seriously” harassed. The evidence presented by the State is inadequate to support this element of the crime of stalking. .
¶ 25. The majority finds that McCalpin more likely than not made “a credible threat, with the intent to place [Young] in reasonable fear of death or great bodily injury.” Miss.Code Ann. § 97-3-107(1). I respectfully disagree. A “credible threat” means a threat made with the intent and the apparent ability to carry out the threat so as to cause the person who is the target of the threat to reasonably fear for his or her life. Miss.Code Ann. § 97-3-107(5). The only evidence presented was Thomas’s description of Young’s state of mind after the incident as “scared to death,” Young’s statement that she was afraid to get out of her vehicle, and her statement that she was scared. While the evidence suggests fear, it does not suggests fear of death or great bodily injury. Neither Young nor her mother expressed any reason to think McCalpin was about to kill or cause great bodily injury to them. In fact, both testified that McCalpin never said a word to them, never got out of his vehicle, never made any gestures or took any act of aggression towards them. Young’s mother testified that, even after she confronted McCalpin, he never said anything. Again, there is no evidence to support this element of the State’s charge of stalking.
¶ 26. McCalpin denied the allegations and stated that he was working with his uncle at the time of the alleged offense. McCalpin’s uncle testified to the same. But, for the sake of Boyd v. State, 754 So.2d 586, 588-89 (Miss.2000), accepting as true all of the evidence that is favorable to the state, including all reasonable inferences that may be drawn therefrom, and to disregard evidence favorable to the defendant, even if McCalpin did all that he is accused of, the statutory requirements for stalking are not met.
¶ 27. That is, even if this Court assumed the testimony of McCalpin and his uncle is untrue, the State did not present ample evidence to support the circuit court’s finding that it was more likely than not that McCalpin harassed Young.
¶ 28. In my view, the State’s case was inadequate. After carefully considering all of the evidence presented, it defies all rational reason that McCalpin more likely than not committed felony stalking. In the absence of evidence to show there was repeated conduct that seriously harassed Young, or that there was a credible threat, the State has failed to meet the statutory requirement. The evidence presented does not show felony stalking. Therefore, I cannot conclude that the crime more likely than not occurred and was committed by McCalpin.
¶ 29. In my opinion the majority’s position that the speeding was one act, the following Young closely another, the parking behind her another, and the staring at her yet another in an effort to find that the conduct was composed of a series of acts *897 over a period of time, somehow evidencing a continuity of purpose stretches the meaning of the felony-stalking statute beyond its plain reading and prior application.
¶ 30. The majority finds that it is irrelevant and without consequence that the alleged conduct was not repeated. In fact, the majority conveniently omits the requirement altogether and looks only to the wilful and malicious elements of the offense. However, the statute reads “and repeatedly,” not or repeatedly. Miss.Code Ann. § 97-3-107(1) (emphasis added). The record is devoid of any mention of whether McCalpin was subsequently convicted of the stalking offence. Such a finding by the majority gives too much power to individuals who do not want sex offenders in their neighborhoods or vengeful ex-spouses to fabricate allegations of criminal activity for the sole purpose of having individuals arrested and charged with the ultimate purpose to have their probations revoked. It is a slippery slope that I choose not to enter.
¶ 31. On the facts and evidence in this case, there was insufficient evidence to show that the crime of felony stalking pursuant to Mississippi Code Annotated section 97-3-107 was committed and therefore McCalpin could not have “more likely than not” committed the offense for which he was arrested and charged.
¶ 32. I find the circuit court’s denial of McCalpin’s PCR motion as a result of the unlawful revocation was erroneous and contrary to the evidence. For these reasons, I dissent.
IRVING, P.J., JOINS THIS OPINION.